CAPTAIN WILLIAM C. ROYALS AND WIFE, DOLORES P. ROYALS; ASA J. ROYALS, JR. AND WIFE, LAURA ROYALS; HELEN JOSITA GIZARA AND HUSBAND, BERNARD J. GIZARA; QUINTON ROYALS (SINGLE); DR. THOMAS E. ROYALS AND WIFE, SARA M. ROYALS; ELIZABETH R. THURMOND (HUSBAND DECEASED); JANE ROYALS WHITE AND HUSBAND, ALBERT W. WHITE; JOSEPH P. ROYALS, JR. AND WIFE, MARY EDNA ROYALS; MARY R. CONNALLY AND HUSBAND, PAUL C. CONNALLY; JOHN ROYALS AND WIFE, BETTY L. ROYALS; JAMES MARCUS ROYALS AND WIFE, LILLIAN ROYALS; JOHN D. ROYALS AND WIFE, MALLIE G. ROYALS; BERNARD E. ROYALS (SINGLE); MARJORIE ROYALS BACON AND HUSBAND, EDWARD T. BACON, JR.; PHILIP A. ROYALS AND WIFE, LEONA D. ROYALS; VINCENT D. ROYALS (SINGLE) AN INCOMPETENT BNF AUSTIN STEVENS AND WIFE, NORMA JEAN ROYALS; MARY LUCY LANGSTON AND HUSBAND, MACK LANGSTON; AUGUSTA MANNING (HUSBAND DEAD); THENIE McLAMB AND HUSBAND, HERMAN McLAMB; L. M. TART (WIFE DECEASED); MOSES A TART AND WIFE, HENRIETTA TART; WINNIE RAYNOR AND HUSBAND; LISCHER RAYNOR; JAMES MARION ROYALS AND WIFE, ETHEL ROYALS; MAGELENE BAREFOOT (HUSBAND DECEASED); LEOLA TART GREGORY AND HUSBAND, THOMAS C. GREGORY; RUPERT C. TART AND WIFE, ADA PEARL TART; UPTON TART AND WIFE, MARY LUE TART; JOHN K. TART AND WIFE, IVA J. TART; FRAUD A. TART AND WIFE, EDNA G. TART; JOSIAH TART AND WIFE, CAROLINE TART; J. M. TART AND MARTHA LEE TART BY THEIR NEXT FRIEND, HARRY CANADAY; MICHAEL A. WILLIAMS AND WIFE, LEOLA B. WILLIAMS, ET ALS v. WILLIAM ELI BAGGETT (INDIVIDUALLY) AND WIFE, JEAN BAGGETT, AND WILLIAM ELI BAGGETT, ADMINISTRATOR OF JOHN C. WILLIAMS, DECEASED.

(Filed 30 September, 1964.)

APPEAL by plaintiffs from *Bundy, J.*, June Session 1964 of SAMPSON.

Plaintiffs instituted this action to set aside on grounds of mental incapacity and undue influence a deed executed and delivered by John C. Williams to William Eli Baggett on or about May 3, 1960. Plaintiffs sue as heirs of John C. Williams who died intestate on or about December 3, 1961.

The issues raised by the pleadings and submitted to the jury were answered as follows:

"1. Did John C. Williams, on May 3, 1960, have sufficient mental capacity to execute and deliver the deed in question to William Eli Baggett? ANSWER: 'YES.'

"2. Was the execution and delivery of said deed procured by undue influence, as alleged in the complaint? ANSWER: 'NO.'

"3. Is the paper writing purporting to be the deed of John C. Williams to William Eli Baggett the act and deed of John C. Williams? ANSWER: 'YES.' "

The court entered judgment, in accordance with said verdict, as follows:

"NOW, therefore, it is, CONSIDERED, ORDERED AND AD-JUDGED that the deed from John C. Williams to William Eli Baggett, dated May 2, 1960, acknowledged May 3, 1960, and recorded in Book 706 page 203 in the office of Register of Deeds of Sampson County, was and is the valid act and deed of John C. Williams, and constitutes a valid conveyance of the lands therein described.

"IT IS FURTHER CONSIDERED, ORDERED AND AD-JUDGED that the Plaintiffs pay the costs of this action, to be taxed by the Clerk."

Plaintiffs excepted and appealed.

*J. R. Barefoot for plaintiff appellants.*
*Stewart B. Warren and Max E. McLeod for defendant appellees.*

PER CURIAM. On September 8, 1964, appellees filed in this Court a motion to dismiss the appeal for failure to comply with our Rule 19. Rules of Practice in the Supreme Court, 254 N.C. 783, 795. Prior thereto, a record and a brief for appellants had been prepared and filed in this Court by E. R. Temple, Esquire, who had served as counsel for appellants from the commencement of this action.

On September 21, 1964, Mr. Temple filed a motion in this Court for an order "confirming the termination of employment of E. R. Temple in this cause," in which he set forth an agreement with appellants that his employment terminate and that he withdraw as counsel. Simultaneously, J. R. Barefoot, Esquire, filed in this Court, as attorney for appellants, a statement to the effect Mr. Temple's employment by appellants had been terminated by mutual consent; that Mr. Temple had withdrawn as counsel for appellants, subject to the approval of this Court; and that he (Mr. Barefoot) had been offered and accepted employment by appellants. In this statement, and also in an answer filed by Mr. Barefoot as attorney for appellants, it was asserted that appellees' motion to dismiss the appeal should be denied and that the Court in its discretion should allow appellants an opportunity to correct deficiencies, if any, in the record.

On September 23, 1963, pending decisions on said motions, Mr. Barefoot was permitted to present and did present an oral argument to this Court relating to the asserted merits of appellants' appeal.

Under the circumstances, Mr. Temple's motion for leave to withdraw as counsel for appellants is allowed.

With reference to appellees' motion to dismiss: While appellants have failed to comply with the requirements of our Rule 19 in certain respects, we have deemed it appropriate under existing circumstances to consider the questions presented by the assignments of error and appeal.

After a protracted trial, the jury resolved all issues of fact against plaintiffs-appellants; and appellants have failed to show error of such nature as to justify the award of a new trial. "Technical error is not sufficient to disturb the verdict and judgment. The burden is on the appellant not only to show error, but to show prejudicial error amounting to the denial of some substantial right; or to phrase it differently, to show that if the error had not occurred, there is a reasonable probability the trial might have been materially more favorable to him." *In re Will of Thompson,* 248 N.C. 588, 598, 104 S.E. 2d 280, and cases cited.

Having elected to treat the appeal as properly before us, the judgment entered by Judge Bundy is affirmed.

Affirmed.