JOHNNIE O. BURGESS v. C. G. TATE CONSTRUCTION COMPANY.

(Filed 17 March, 1965.)

**Appeal and Error § 39—**

The burden is on appellant not only to show error but also that the alleged error is prejudicial.

APPEAL by plaintiff from *Martin, S. J.*, October 26, 1964 Civil Session of NASH.

Plaintiff instituted this action to recover damages for personal injuries which he alleges were caused by defendant's actionable negligence. On September 1, 1962, defendant, a highway contractor, was engaged in construction work on Highway 64 between Nashville and Rocky Mount. About 11:55 p.m., plaintiff, who was operating a pickup truck, collided with an unlighted barricade which defendant's employees had placed across that highway at a detour. In the collision, plaintiff was injured and his truck damaged. Issues of negligence, contributory negligence, and damages were submitted to the jury. The verdict established that plaintiff was injured by the negligence of defendant as alleged in the complaint and that plaintiff, by his own

negligence, contributed to his injuries and damage. From the judgment that he recover nothing, plaintiff appeals, assigning errors in the judge's charge to the jury.

*William L. Thorp, Jr.; William D. Etheridge for plaintiff.*
*Fields & Cooper for defendant.*

PER CURIAM.  We have examined the record and considered each of plaintiff's assignments of error. We find no error which, in our opinion, affected the verdict. " 'Verdicts and judgments are not to be set aside for harmless error or for mere error and no more . . .' " *Collins v. Lamb,* 215 N.C. 719, 720, 2 S.E. 2d 863, 864. The burden is on appellant to show not only that there was error in the trial but also that there is a reasonable probability that "the result was materially affected thereby to his hurt." *Garland v. Penegar,* 235 N.C. 517, 519, 70 S.E. 2d 486, 488. We find no reason to disturb the result of the trial.

No error.