MAUDE L. HUFFINES v. TROY FREEMAN WESTMORELAND AND MARY WESTMORELAND

No. 6919SC441

(Filed 17 September 1969)

1. **Automobiles § 45— accident case — evidence — irrelevant and unresponsive answer**

In action by femme plaintiff to recover for personal injuries allegedly resulting from an automobile accident, trial court properly struck as irrelevant and unresponsive plaintiff's answer, in reply to defendant's inquiry as to her injuries and the treatment thereof, that she had been more worried about her injured husband at the time of the treatment.

2. **Automobiles § 45— accident case — evidence of death of plaintiff's husband — competency**

In action by femme plaintiff to recover for personal injuries resulting from an automobile accident, trial court properly struck plaintiff's testimony that her husband was injured in the collision and later died, there being no merit in plaintiff's contention that the evidence was admissible to explain why her husband did not testify as a witness at the trial.

3. **Automobiles § 45— accident case — striking of evidence — harmless error**

During the course of the adverse examination of plaintiff, action of the

trial court in striking plaintiff's testimony on cross-examination by her counsel that she was knocked unconscious by the collision, that she did not remember if the traffic light was green, and that her best description of what occurred at the intersection was that it was "just like a dream," *held* harmless error where plaintiff had testified to these same matters on direct examination.

**4. Appeal and Error § 46— prejudicial error — burden of proof**

The burden is on appellant not only to show error but that the alleged error was prejudicial.

**5. Automobiles § 45; Evidence § 25— accident case — evidence — map of accident scene**

Purported map of an automobile accident scene is rendered inadmissible where witness who drew the map did not identify its representations with sufficient accuracy on the trial.

APPEAL by plaintiff from *Crissman, J.*, at the 3 February 1969 Civil Session of RANDOLPH Superior Court.

This is a civil action to recover for personal injuries and property damage allegedly sustained by plaintiff in a collision between an automobile owned and operated by her and an automobile owned by the feme defendant and operated by the male defendant.

Plaintiff's complaint alleged, and her evidence tended to show, the following: In the early afternoon of 6 November 1967, plaintiff was driving south on North Fayetteville Street in the City of Asheboro, said street having four traffic lanes — two for southbound traffic and two for northbound traffic. Pritchard Street intersected North Fayetteville Street from the east and formed a "T" intersection. Plaintiff desired to turn left on Pritchard Street and as she was in the process of making her turn she was driven into by the male defendant who was driving a station wagon north on North Fayetteville Street. Further facts pertinent to this appeal appear in the opinion.

Issues of negligence, contributory negligence and damage were submitted to the jury who answered the first two issues yes. From judgment predicated on the verdict in favor of defendants, plaintiff appealed.

*John Randolph Ingram for plaintiff appellant.*
*Coltrane & Gavin by W. E. Gavin for defendant appellees.*

BRITT, J.

Plaintiff assigns as error the striking by the trial judge of certain testimony given by plaintiff when she was adversely examined

by defendants' counsel prior to the trial. Plaintiff offered the adverse examination in evidence, but before allowing it to be introduced, the trial judge, on defendants' motion, ordered certain portions stricken.

[1]    Several of the exceptions under this assignment relate to testimony of plaintiff about her husband who died from injuries sustained in the collision. Plaintiff's exception No. 1 relates to an answer given by plaintiff to a question asked by defendants' counsel. His inquiry was directed to certain injuries allegedly received by plaintiff and medical treatments pertaining thereto. Defendants' counsel asked plaintiff if a certain doctor examined her; she answered, "He looked in my eye, and at my hand, [and I was more worried about my husband than I was about me, right at the time being.]" That part of plaintiff's answer included in brackets was stricken by the trial judge, and properly so. It was not responsive to the question and was not relevant to the issues, therefore, motion to strike out the objectionable part was properly allowed. *Gibson v. Whitton*, 239 N.C. 11, 79 S.E. 2d 196.

[2]    Plaintiff's exceptions Nos. 2, 3, 4 and 5 relate to testimony which plaintiff attempted to provide showing that her husband was injured in the collision and later died from the injuries received. Plaintiff contends the evidence was proper to explain why her husband did not testify as a witness at the trial. Defendants contend that evidence of the husband's injuries and death was not relevant to the issues in this case and, if admitted, would tend to evoke sympathy from the jury for plaintiff to the prejudice of defendants.

In *Pearce v. Barham*, 267 N.C. 707, 149 S.E. 2d 22, in an opinion written by Higgins, J., we find the following:

> "Three issues were raised by the pleadings: (1) Did the plaintiff suffer injury and damage as a result of the defendant's negligence? (2) Did the plaintiff, by her own negligence, contribute to her injury? (3) What damage, if any, is the plaintiff entitled to recover? Only evidence which had bearing on these issues and tended to aid the jury in finding the proper answers to them should have been admitted at the trial. Rules of evidence furnish the guidelines by which the presiding judge shall determine what shall be admitted to the jury for its consideration in finding the answers to the issues. *Gurganus v. Trust Co.*, 246 N.C. 655, 100 S.E. 2d 81; *DeBruhl v. Highway Commission*, 245 N.C. 139, 95 S.E. 2d 553.

The law recognizes that evidence, when of slight value, may be

excluded because the sum total of its effect is likely to be harmful. Stansbury states the rule: 'Even relevant evidence may, however, be subject to exclusion where its probative force is comparatively weak and the likelihood of its playing upon the passions and prejudices of the jury is great.' N. C. Evidence, 2d Ed., § 80, p. 175. * * *"

We hold that the testimony covered by exceptions 2, 3, 4 and 5 was properly stricken. We fail to find anywhere in the testimony where plaintiff attempted to explain her husband's absence from the trial with the simple statement that he had died between the time of the collision and the date of the trial.

[3] Plaintiff's exceptions Nos. 6, 6A and 6B relate to the striking of certain questions asked plaintiff and answers given by her on cross-examination by her counsel during the course of her adverse examination as follows:

"Q. In other words, you were knocked unconscious in this collision. Is that right?

A. Yes, that's right.    EXCEPTION NO. 6

Q. What you are saying about the various things, about whether the light was green, where you were, and knowing about the collision, and so forth, you just have no recollection of it?

MR. GAVIN: I am going to object to the form of that question.    EXCEPTION NO. 6A

* * *

Q. Then, are you saying, when you are saying that you don't remember these things, in your testimony today, that you don't have any recollection of it?

A. No sir, it was just like a dream to me.    EXCEPTION NO. 6B"

[3, 4] Conceding, *arguendo*, that the court erred in striking said questions and answers, the error was harmless for the reason that plaintiff had testified on direct examination by defendants' counsel that she was knocked unconscious, that she did not remember if the traffic light was green, that the best way she could describe what happened at the intersection was to say that it was "just like a dream." The burden is on appellant not only to show error but that the alleged error was prejudicial. *Burgess v. Construction Co.,* 264 N.C. 82, 140 S.E. 2d 766.

The assignments of error relating to the adverse examination of plaintiff are overruled.

[5]    In her assignment of error No. 7, plaintiff contends that the trial court erred in excluding plaintiff's exhibit 10 as evidence. The exhibit is a purported map or plat of the intersection of Pritchard Street with North Fayetteville Street and is drawn to scale on graph paper. It shows the front of one car headed toward Pritchard Street approximately three feet east of the line separating the northbound and southbound traffic lanes; it shows another car headed north in the easternmost lane for northbound traffic approximately 180 feet south of the first car. Plaintiff's witness Voncannon testified that at the time of the collision he was standing on the west side of North Fayetteville Street about 200 feet south of the intersection; that he saw the collision; that he made exhibit 10 and that it correctly represented the intersection where the collision occurred; that he could not say exactly where plaintiff's car was at the time he first saw the Westmoreland car but he "thinks" it (the Huffines car) was across the center line. Exhibit 10 definitely represents the front of plaintiff's car as being some three feet across the center line at the time the defendants' car was some 180 feet away. We hold that the witness did not identify the representations of exhibit 10 with sufficient accuracy to render it admissible. Stansbury, N.C. Evidence 2d, § 34, pp. 64, 65. The assignment of error is overruled.

Plaintiff's assignment of error No. 22 purports to relate to exceptions 22 and 23. The record discloses that these exceptions were not taken at the trial, therefore, they will not be considered here. Rule 21, Rules of Practice in the Court of Appeals of North Carolina.

Plaintiff noted numerous exceptions to portions of the court's charge to the jury as well as failure of the court to charge the jury on certain points. We do not deem it necessary to discuss each of the exceptions relating to the charge. Suffice to say, we have carefully reviewed the charge, with particular reference to the points raised by the exceptions, and conclude that the charge, considered contextually as a whole, was free from prejudicial error. The assignments of error relating to the charge are overruled.

We have carefully considered all assignments of error brought forward and discussed in plaintiff's brief, but finding them without merit, they are all overruled.

No error.

BROCK and VAUGHN, JJ., concur.