ROBERT W. McNABB AND WIFE WALLANIA SHELL McNABB v. TOWN OF BRYSON CITY AND CARL H. ARVEY, IN HIS CAPACITY AS CHIEF OF POLICE

No. 8530SC975

(Filed 5 August 1986)

**1. Damages § 13.1— attempted suicide—evidence irrelevant—harmless error**

Assuming that evidence of plaintiff's attempted suicide some six months after the accident in question was irrelevant because plaintiff failed to establish a causal relationship between defendant's negligence and the attempted suicide, the admission of such evidence was not prejudicial error in this case.

**2. Damages §§ 3.4, 13.1— depression caused by accident—admissibility of evidence**

Plaintiff was entitled to recover damages for depression caused by the accident in question, and the trial court properly admitted medical testimony that plaintiff suffered stress and depression as a result of the injuries he received in the accident and a medical bill for the treatment of plaintiff's depression.

**3. Evidence § 29.3— past military medical records—inadmissibility**

Military medical records showing that plaintiff attempted suicide and complained of back pain while in the army in 1972 were not admissible in an action brought by plaintiff motorcyclist to recover for physical and psychological injuries received in a 1983 collision with a police car where defendant town offered no evidence to support its theory that the medical records show that plaintiff's claimed injuries were pre-existing or imagined.

**4. Insurance § 110.1— prejudgment interest—erroneous award against insured**

The trial court erred in awarding prejudgment interest against defendant town rather than against the town's insurer. N.C.G.S. § 24-5.

APPEAL by defendant, Town of Bryson City, from *Hyatt, Judge.* Judgment entered 30 April 1985 in Superior Court, SWAIN County. Heard in the Court of Appeals 17 January 1986.

*Hunter & Large by Raymond D. Large, Jr., and William P. Hunter for plaintiff appellees.*

*Carter and Kropelnicki by Steven Kropelnicki, Jr., for defendant appellant.*

COZORT, Judge.

Plaintiff Robert W. McNabb sued the Town of Bryson City and its police chief for injuries sustained when the motorcycle he was riding was struck by a police car owned by the Town and being operated by the Police Chief. A jury awarded plaintiff $77,000 in damages. Defendant Town of Bryson City appeals contending the trial court erred (1) in admitting evidence of plaintiff's attempted suicide in October 1983, some six months after the accident; (2) in excluding plaintiff's military medical records offered by defendant which showed a suicide attempt by plaintiff in 1972; and, (3) in awarding prejudgment interest against the defendant as opposed to defendant's insurer. We affirm the trial court's evidentiary rulings. We reverse the award of prejudgment interest against the Town of Bryson City and remand for entry of prejudgment interest against defendant's insurer. The facts follow.

Plaintiff Robert W. McNabb was riding a motorcycle on U.S. Highway 19 in Bryson City on the morning of 22 April 1983. He was involved in a collision with a police car owned by the Town of Bryson City and being operated by its Police Chief, Carl H. Arvey. Plaintiff was twenty-eight years old and the father of three children at the time of the accident. As a result of the accident, he sustained injuries resulting in permanent impairment of function in his lower back and limitations on his ability to lift, bend, and exert himself. Before the accident, Mr. McNabb was employed as an emergency medical technician with the Swain County Ambulance Service, and he worked part-time in a hospital. He was not able to resume that employment after the accident and did not find other employment until July 1984, when he accepted a job as a jailer at the Swain County Sheriff's Department.

Plaintiff and his wife filed suit against the Town and its police chief on 14 June 1983, alleging negligence. Defendant Town of Bryson City appeals from a jury verdict awarding Mr. McNabb

$77,000.00 in damages and his wife $20,000.00 for loss of consortium. No issues involving the award to the wife are being considered on appeal; thus, all references in this opinion to "plaintiff" refer to Robert W. McNabb, the driver of the motorcycle.

[1] The defendant has not challenged the jury's finding of negligence. The appeal raises evidentiary questions concerning the plaintiff's attempted suicides both before and after the accident. First, we consider defendant's assignments of error concerning the admission into evidence of testimony relating to plaintiff's attempted suicide in October 1983, six months after the accident. Over a continuing objection of defendant, plaintiff was allowed to testify that as a result of the accident he became depressed and took an overdose of pills which resulted in his hospitalization for four or five days and out-patient counseling for a period of time thereafter. Plaintiff took the overdose of pills in October 1983. There is no evidence that plaintiff suffered any physical injuries as a result of the suicide attempt. As a result of this hospitalization and treatment, he received a medical bill in the amount of $675.00 from Smoky Mountain Mental Health. This bill was admitted into evidence over defendant's objection. On direct examination, however, Dr. Ben Monroe, who treated Mr. McNabb on referral from Smoky Mountain Mental Health, testified that Mr. McNabb had been admitted on a voluntary basis "because he had made several suicidal attempts and suicidal gestures; he had been extremely depressed and that had led to his making some suicidal attempts and suicidal gestures . . . ." Defendant has taken no exception to this testimony by Dr. Monroe. Dr. Monroe further testified that as a result of stress caused by the automobile accident, plaintiff has suffered an adjustment disorder and depression, for which Dr. Monroe treated him. No exception has been taken to this testimony. Defendant, however, objected to and assigns as error the following colloquy between plaintiff's counsel and Dr. Monroe:

> MR. LARGE: Doctor, do you have an opinion satisfactory to yourself based on a reasonable degree of certainty and based on years of experience and upon your treatment and observation of Robert McNabb, as to the cause of the mental problems that you have talked about today?
>
> MR. KROPELNICKI: Objection.

COURT: Overruled.

EXCEPTION NO. 20

MR. LARGE: Do you have such an opinion?

DR. MONROE: Yes.

MR. KROPELNICKI: Motion to strike.

COURT: Denied.

EXCEPTION NO. 21

MR. LARGE: What is that opinion, Doctor?

MR. KROPELNICKI: Objection, no foundation at all.

COURT: Objection overruled, you may answer the question.

EXCEPTION NO. 22

WITNESS: Well, my opinion that the depression that I saw from Mr. McNabb was caused by the — as a result of his injury that he received; the changes that it made in his life; his inability to work and the stress that it placed on his marriage.

Defendant assigns as error the trial court's allowing into evidence plaintiff McNabb's testimony concerning his suicide attempt, the $675.00 medical bill from Smoky Mountain Mental Health, and Dr. Monroe's opinion as to the cause of defendant's "mental problems." Defendant contends that the admission of this evidence erroneously allowed the jury to consider as an element of damages plaintiff's attempted suicide following the automobile accident and the treatment and medical expenses related to that voluntary act. We find no prejudicial error in the trial court's rulings.

We note initially that the plaintiff is not entitled to recover damages from the defendant for his attempted suicide in this case because under any of the tests currently being advanced, plaintiff's evidence fails to establish a causal relationship between the defendant's wrongful acts and plaintiff's attempted suicide. *See Hall v. Coble Dairies, Inc.*, 234 N.C. 206, 67 S.E. 2d 63 (1951); Annot., 77 A.L.R. 3d 311 (1977). We need not comment further on this point.

Accepting for the moment defendant's contention that the $675.00 medical bill and Dr. Monroe's opinion as to the cause of plaintiff's "mental problems" relate solely to plaintiff's attempted suicide, defendant has failed to show prejudicial error in the admission of Dr. Monroe's testimony and plaintiff's testimony concerning his attempted suicide. It is a fundamental principle of appellate review that an appellant alleging improper admission of evidence has the burden of showing that it was unfairly prejudiced or that the jury verdict was probably influenced thereby, that appellant has been denied some substantial right and that the result of the trial would have been materially more favorable to appellant. *Burgess v. C. G. Tate Construction Co.*, 264 N.C. 82, 140 S.E. 2d 766 (1965); *Royals v. Baggett*, 262 N.C. 541, 138 S.E. 2d 141 (1964); *Collins v. Lamb*, 215 N.C. 719, 2 S.E. 2d 863 (1939); G.S. 8C-1, Rule 103. Assuming that the evidence of plaintiff's attempted suicide was irrelevant because plaintiff did not establish a causal relationship between defendant's negligence and the attempted suicide, we see no prejudice in its admission. Defendant extensively cross-examined the witnesses concerning the October 1983 suicide attempt. The defendant was allowed to extensively cross-examine the witnesses about plaintiff's alleged prior suicide attempt in 1972 to impeach his credibility. Furthermore, plaintiff produced uncontradicted evidence of actual medical expenses amounting to $6,147.18, excluding the $675.00 medical bill from Smoky Mountain Mental Health in question, and past and future lost earnings (discounted to present value) of $75,124.00 caused by the defendant's negligence. The jury awarded the plaintiff only $77,000.00, less than the amount shown in the uncontradicted evidence, excluding the bill in question.

In sum, defendant has failed to show any unfair prejudice in the admission of evidence concerning the October 1983 attempted suicide. Nor has defendant shown the denial of a substantial right, an improperly influenced jury verdict, or that the result of the trial would have been materially more favorable to it.

[2] We further note, on the question of the admissibility of the $675.00 medical bill from Smoky Mountain Mental Health and Dr. Monroe's opinion as to plaintiff's mental problems, that this evidence did not concern plaintiff's attempted suicide. The defendant does not contend that plaintiff was not entitled to recover damages for his mental and emotional disturbance (*i.e.*, depression)

caused by the accident. Under the facts of this case such damages are recoverable. *See Craven v. Chambers*, 56 N.C. App. 151, 287 S.E. 2d 905 (1982); *Wesley v. Greyhound Lines, Inc.*, 47 N.C. App. 680, 268 S.E. 2d 855, *disc. rev. denied*, 301 N.C. 239, 283 S.E. 2d 136 (1980).

A careful review of Dr. Monroe's testimony shows that his opinion was as to the cause of plaintiff's depression. Only at the first of Dr. Monroe's testimony is any mention made of plaintiff's attempted suicide, and that testimony merely relates to background information. Defendant has not excepted to its admission. Thereafter, on direct examination, Dr. Monroe's testimony concerns the stress and resulting depression experienced by plaintiff as a result of the accident and his injuries. With the evidence of psychological injury being admissible, the evidence of treatment for these injuries and medical bills for that treatment was also properly admitted. *Craven v. Chambers, supra.* And, since the $675.00 medical bill was not put in the record, we cannot determine what portion of it, if any, is attributable to the attempted suicide. The defendant's assignments of error relating to evidence of plaintiff's October 1983 attempted suicide, Dr. Monroe's testimony, and the bill from Smoky Mountain Mental Health are overruled.

[3] Next, defendant assigns as error the trial court's refusal to admit into evidence plaintiff's military medical records from 1972. The record shows that the trial court excluded these records as, among other things, irrelevant. Defendant contends these records, which show plaintiff attempted suicide and complained of back pain while in the army, are relevant because they show "that while Mr. McNabb was in the United States Army, he complained of problems with his back and attempted suicide on at least one occasion, threatening to attempt suicide if he was not released from military service."

The cornerstone of admissibility of all evidence is that it must be relevant. G.S. 8C-1, Rule 402. To be relevant the evidence must have some "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." G.S. 8C-1, Rule 401. Defendant offered no evidence to establish the relevancy of the eleven-year-old medical records to the issues in

this case: defendant's negligence and plaintiff's damages resulting therefrom. And the relevancy of the offered evidence is not apparent from the records themselves. Defendant offered no evidence to support his theory that the medical records show that the injuries which plaintiff claimed to suffer as a result of the accident were pre-existing or imagined. Defendant extensively cross-examined plaintiff and his medical experts about these medical records in an attempt to cast doubt upon the validity of plaintiff's injuries. This effort proved fruitless, and defendant offered no evidence of its own to connect the eleven-year-old medical records with the injuries plaintiff claimed. What defendant did accomplish through its cross-examination of plaintiff's witness concerning the military medical records was to put before the jury that plaintiff served only a few months in the Army, none of which was overseas, and that Mr. McNabb, in the words of defendant's counsel, "didn't exactly win a Congressional Medal of Honor." We hold the trial court correctly excluded the records of plaintiff's attempted suicide and back pain in 1972.

[4] Lastly, defendant assigns as error the trial court's awarding prejudgment interest against the defendant, Town of Bryson City, rather than its insurer. We agree with the defendant that the trial court should have awarded the prejudgment interest against the defendant's insurer. In *Lowe v. Tarble*, 313 N.C. 460, 329 S.E. 2d 648 (1985), the court interpreted language essentially identical to the language in the defendant's liability policy as including coverage for prejudgment interest under G.S. 24-5 as "costs." We vacate the judgment awarding prejudgment interest against the defendant and remand for entry of judgment awarding prejudgment interest against the defendant's insurer.

Affirmed in part, vacated in part, and remanded.

Judges EAGLES and MARTIN concur.