CAIN v. GENCOR, INC.

[347 N.C. 657 (1998)]

---

LENNON DAVID CAIN AND LINDA S. CAIN, HUSBAND AND WIFE v. GENCOR, INC., AN OHIO CORPORATION, D/B/A GENERAL TIRE AND RUBBER CORPORATION, INC., AN OHIO CORPORATION

No. 318PA97

(Filed 6 March 1998)

**Trial § 322 (NCI4th)— instructions—contentions of parties— equal emphasis**

The trial court's instructions did not give more emphasis to defendant's contentions of contributory negligence than it did to plaintiffs' contentions of negligence and did not mislead the jury to the prejudice of plaintiffs.

CAIN v. GENCOR, INC.

[347 N.C. 657 (1998)]

On discretionary review pursuant to N.C.G.S. § 7A-31 of an unpublished decision of the Court of Appeals, 126 N.C. App. 435, 491 S.E.2d 567 (1997), affirming in part and reversing in part a judgment entered on a jury verdict in favor of defendants by Burroughs, J. in Superior Court, Mecklenburg County, on 14 February 1996, and granting plaintiffs a new trial. Heard in the Supreme Court 15 December 1997.

*DeVore & Acton, P.A., by Fred W. DeVore III, for plaintiff-appellees.*

*Dean & Gibson, L.L.P., by Rodney Dean and D. Christopher Osborn, for defendant-appellant.*

PER CURIAM

Under Rule 51(a) of the North Carolina Rules of Civil Procedure, the trial judge is no longer required to summarize or recapitulate the evidence, or to explain the application of the law to the evidence. Nor is the judge required to state the contentions of the parties. However, if the judge undertakes to state the contentions of the parties, equal stress must be given to the contentions of each party.

In the instant case, the Court of Appeals, in an unpublished opinion, concluded that the trial court committed reversible error by giving more emphasis to defendant's contentions of contributory negligence than it did to plaintiffs' contentions of negligence. The jury answered in the negative as to whether plaintiff Lennon Cain was injured by the negligence of defendant and, therefore, did not reach the question of contributory negligence. We have reviewed the trial judge's instructions in their entirety, including the instructions and reinstructions on negligence, contributory negligence, and willful and wanton conduct. Viewing the instructions as a whole, we are satisfied that the trial judge's instructions, while not a model of clarity, did not mislead the jury to the prejudice of plaintiffs. *See Gregory v. Lynch,* 271 N.C. 198, 155 S.E.2d 488 (1967); *Burgess v. Construction Co.,* 264 N.C. 82, 140 S.E.2d 766 (1965); *Mayberry v. Charlotte City Coach Lines, Inc.,* 260 N.C. 126, 131 S.E.2d 671 (1963). Accordingly, we reverse the decision of the Court of Appeals and remand for reinstatement of the judgment of the trial court.

REVERSED AND REMANDED.