IN RE CONDEMNATION BY THE CITY OF GREENSBORO OF CERTAIN
LAND OWNED BY T. L. ALLEY and wife, INELL V. ALLEY.

**1. Eminent Domain § 5—**

Just compensation which must be paid when an entire tract of land
is taken is the fair market value of the land; when only a portion of a
tract is taken, just compensation is, in the absence of statutory provi-
sion for the deduction of general and special benefits, the difference be-
tween the fair market value of the entire property before the taking
and the fair market value of the remainder following the taking.

**2. Same—**

The reason for the rule for the admeasurement of damages when
only a part of a tract of land is taken is to afford the owner compensa-
tion for the damage, if any, to the land remaining to him after the
taking, and the owner may elect to seek compensation only for the value
of the land taken even though it be a part of a single tract.

**3. Same:—Eminent Domain § 9—**

Where there is no evidence that the land taken under eminent domain
had any special value to the owner except its sentimental value as his
home, such value is special or peculiar to the owner and adds nothing
to the market value of the land and is not compensable, and therefore
an instruction upon such evidence that if the land possessed special
value to the owner which could be measured in money, the owner is
entitled to have that value considered in fixing the compensation, must
be held for prejudicial error.

APPEAL by City of Greensboro from *Crissman, J.,* 28 October 1959
Civil Term, of GUILFORD (Greensboro Division).

This is an appeal from a judgment based on a verdict fixing the
amount of compensation to be paid for land taken to enlarge the city's
water supply.

*H. J. Elam, III and J. L. Warren for petitioner, appellant.*
*John R. Hughes and Shuping & Shuping for respondent appellees.*

RODMAN, J.   On 21 July 1958 City of Greensboro, acting pursuant
to provisions of its charter (c. 37, Private Laws 1923, as amended
by c. 91, Private Laws 1929) initiated condemnation proceedings to
acquire 19.65 acres, part of a tract of 37.4 acres owned and occupied
by T. L. Alley and wife, Inell V. Alley as a home. The commissioners
appointed pursuant to the provisions of the city charter fixed the
compensation to be paid at $5,403.75. Dissatisfied with the amount
awarded, the property owners excepted and appealed to the Superior
Court as permitted by the statute under which the proceeding was
begun.

As determinative of the controversy, the court submitted an issue answered by the jury as follows:

"What compensation are the respondents T. L. Alley and wife, Inell V. Alley, entitled to recover of the City of Greensboro for the taking by condemnation of the lands described in this proceeding.?

"ANSWER: $16,510.00 plus interest at 6% from July 21, 1958."

When the city, in the exercise of sovereign power, took Alley's property, it became obligated by our Constitution and by the statute under which it acted to pay just compensation for the damage inflicted.

When an entire tract is taken, just compensation is the fair market value of the land taken. When only a portion of a tract is taken and the statute which authorizes the taking directs the deduction of general and special benefits as does the statute under which Greensboro acted, just compensation is the difference between the fair market value of the entire property before the taking and the fair market value of the remainder following the taking. *Robinson v. Highway Com.*, 249 N.C. 120, 105 S.E. 2d 287; *Statesville v. Anderson*, 245 N.C. 208, 95 S.E. 2d 591; *Gallimore v. Highway Com.*, 241 N.C. 350, 85 S.E. 2d 392; *Proctor v. Highway Com.*, 230 N.C. 687, 55 S.E. 2d 479.

The reason for the rule as stated above with respect to a partial taking is to enable the property owner to obtain compensation for the damage, if any, to the remainder. Here the property owners offered no evidence of value of the entire tract or of the remainder but elected to measure the amount of compensation to which they were entitled by establishing the fair market value of the property taken. For that purpose T. L. Alley and his witnesses described the type and character of the land. Its location with respect to highways and the railroad was shown. The area taken has only a limited road frontage but has all of the railroad frontage. This railroad frontage made it valuable for industrial sites; but according to Alley and the other witnesses, its chief value was for agricultural purposes. It was rich bottom land, well protected and sodded to pasture producing great quantities of grass, clover, and lespedeza. Its fertility was sufficient to provide the entire annual food requirements, except during brief periods in the winter, for a herd of fifteen cows and their annual offspring. A spring on the land provided a natural source of water for the cattle or to irrigate any other crops which might be raised. It was not only capable of producing large quantities of grass and legumes, but could produce large crops of tobacco, corn, and other grains. These qualities so the witnesses testified, gave the area taken a fair market value

ranging from $1250 to $1500 per acre. To the contrary, the city's witnesses put a value on the land ranging from $150 to $300 per acre.

Except for the fact that the land taken was a part of the home place and the farming operation of the owner, there was no evidence suggesting special value to the owner.

The court in its charge reviewed the evidence and the contentions of the parties with respect to the purposes for which the land could be used and their contentions as to fair value. He instructed the jury to determine the answer to the issue submitted to them by ascertaining the fair market value of the property taken.

He correctly told the jury: ". . . the fair market value immediately before the taking must not be based upon speculation or an imaginary use of the property. The market value of property is the price which it will bring when it is offered for sale by one who desires but is not obliged to sell and is bought by one who is under no necessity of having it."

Having correctly instructed the jury, based on the theory of damage adopted by the owners, the court further charged: "If a tract is taken for public use and it possesses a special value to the owner which can be measured by money, he's entitled to have that value considered in the estimate of compensation and damages."

The city excepted and assigned as error the last quoted portion of the charge.

This challengd portion is for practical purposes a direct quotation from *Brown v. Power Co.*, 140 N.C. 333. A careful reading of the opinion in that case leads us to the conclusion that the quotation was not material to the decision in that case. That opinion correctly enunciates the rule to measure compensation as fair market value.

Based on the facts of this case we think the law as announced in *U. S. v. Petty Motor Co.*, 327 U.S. 372, 90 L. Ed. 729, quoted by *Parker, J.*, in *Williams v. Highway Com., ante*, 141, is applicable. It is there said: "The Constitution and the statutes do not define the meaning of just compensation. But it has come to be recognized that just compensation is the value of the interest taken. This is not the value to the owner for his particular purposes or to the condemnor for some special use but a so-called 'market value.' It is recognized that an owner often receives less than the value of the property to him but experience has shown that the rule is reasonably satisfactory. Since 'market value' does not fluctuate with the needs of condemnor or condemnee but with general demand for the property, evidence of loss of profits, damage to good will, the expense of relocation and

other such consequential losses are refused in federal condemnation proceedings."

In *Light Co. v. Clark*, 243 N.C. 577, 91 S.E. 2d 569, we said: "In fixing values on property in condemnation proceedings for any and all uses or purposes to which the property is reasonably adapted and might, with reasonable probability, be applied, but has never been applied, its availability for future uses must be such as enters into and affects its market value, and regard must be had to the existing business or wants of the community, or such as may be reasonably expected in the immediate future to affect present market value. The test is what is the fair value of the property in the market. The uses to be considered must be so reasonably probable as to have an effect on the present market value. Purely imaginative or speculative value should not be considered." Values which are peculiar to the owner and add nothing to the market value are not compensable. *Pemberton v. Greensboro*, 208 N.C. 466, 181 S.E. 258; *S. v. Lumber Co.*, 199 N. C. 199, 154 S.E. 72; *U. S. v. Miller*, 317 U.S. 369, 87 L. Ed. 336; 147 A.L.R. 55.

We find nothing in the evidence indicating any special value to the owner as distinguished from those factors relating to market value unless perhaps it is the fact that the property taken is a part of a home which Alley had been cultivating for fourteen years and had perhaps for that reason a sentimental attachment. Such a value would be special or peculiar to the owner, but it is not such a value as will support a monetary compensation. Nowhere in the charge did the court attempt to elucidate with respect to the special values which the owner might attribute to the property taken nor did it indicate which, if any, of these values could or should be compensated by a monetary payment.

It is not necessary for us to determine now the factual situation, if any, under which the challenged rule would be applicable. Perhaps it might be applicable to those cases where because of special conditions the property could not be said to have a market value in the accepted sense of that term. 29 C.J.S. 970-971; 18 Am. Jur. 885.

Here the challenged portion of the charge is a mere abstract statement of law not supported by the evidence, reasonably calculated to cause the jury to award more than just compensation and hence erroneous. *Andrews v. Sprott*, 249 N.C. 729, 107 S.E. 2d 560; *Worley v. Champion Motor Co.*, 246 N.C. 677, 100 S.E. 2d 70; *Childress v. Motor Lines*, 235 N.C. 522, 70 S.E. 2d 558; *Collingwood v. R. R.*, 232 N.C. 724, 62 S.E. 2d 87.

New trial.