STATE HIGHWAY COMMISSION v. KATHERINE McDOWELL PHILLIPS, AND HUSBAND, PARKER PHILLIPS, AND JOHN M. McDOWELL.

(Filed 25 May, 1966.)

1. **Highways § 11—**

   A section of an abandoned highway which remains open and in general use as a means of ingress and egress from contiguous property to a State highway is a neighborhood public road, G.S. 136-67, and a stipulation that the landowners' access to a public highway was solely by such abandoned highway is not a stipulation that their property did not abut a public road.

2. **Eminent Domain §§ 2, 6—**

   Where a landowner's access to a public highway over a section of abandoned highway is cut-off by the construction of a limited access highway across a portion of their land, leaving no access from the property to a public highway, the deprivation of access affects the value of the property and the landowner is entitled to introduce evidence of such deprivation of access as an element of damages.

3. **Trial § 6—**

   Where the trial court states as a conclusion of fact a matter not supported by the facts stipulated and states such conclusions as a stipulation of the parties, the parties are not bound thereby.

**4. Eminent Domain § 6—**

    In proceedings to assess compensation for a taking under the power of eminent domain, the parties are entitled to introduce evidence of all elements affecting the value of the property taken without allegation of specific elements of damage, and therefore the landowners, even in the absence of specific allegation, are entitled to introduce evidence of damage to their remaining lands resulting from the diversion of surface waters as a result of the use to which the land taken is put.

MOORE, J., not sitting.

APPEAL by defendants from *Gambill, J.,* 1 November Civil Session 1965 of RANDOLPH.

This is an action instituted pursuant to the provisions of G.S., Ch. 136, Article 9, to appropriate a portion of the property of the defendants for highway purposes.

The defendants were the owners of a 100-acre tract of land lying within 1¼ miles of the corporate limits of Asheboro, N. C., and within ½ mile of a railroad and within ½ mile of an industrial park. The Town of Asheboro is to the south or southeast of this tract of land. The plaintiff has constructed a 4-lane limited access by-pass for state highway 220 around Asheboro, thereby closing defendants' only alleged access road to the tract of land involved.

The defendants sought to show that prior to the taking and construction of this by-pass, the defendants had access to this 100-acre tract of land over a road leading from a public highway to the defendants' tract of land. The court below sustained the objections of the plaintiff to the admission of any evidence tending to show the existence of such a road. The evidence, if it had been admitted, would have tended to show that this access road was a part of an abandoned public road which ran across a portion of defendants' 100-acre tract of land and the lands of an adjoining landowner to the south of the defendants' premises, and that the adjoining landowner, these defendants and others had used this portion of the abandoned road as a way of ingress and egress to and from their respective premises to a State-maintained highway for the past 25 or 30 years.

The plaintiff took only 1.25 acres of defendants' land in the form of a triangle at the southeastern corner of defendants' premises. The eastern end of the triangle is 117.60 feet wide, and the apex of the triangle is 929.09 feet west from the base. The by-pass has been constructed across the alleged access road on the premises taken from these defendants, leaving them without any public or private way from their present tract of land, consisting of 98.75 acres, lying to the north of the non-access highway, to any public road south of the non-access highway.

Likewise, according to the evidence disclosed on the record, since the construction of this by-pass on, along, or near the southern part of defendants' original 100-acre tract of land, these defendants now have no access over any private or neighborhood road which leads to a public road north of this non-access highway.

From a verdict which defendants considered inadequate, they appeal, assigning error.

*Attorney General Bruton, Deputy Attorney General Lewis, Trial Attorney Harris, and Staff Attorney Costen for plaintiff.*
*H. Wade Yates for defendants.*

DENNY, E.J.  We think it is apparent from the record that the court below excluded the defendants' evidence with respect to the existence of a road at the time of the taking, over which these defendants had access to their premises, because the access road, if any, was not a State-maintained public highway.

After the court had sustained the plaintiff's objection to the defendants' proffered evidence with respect to the existence of a road which was, according to the defendants' proffered evidence, in existence at the time of the taking, the court, among other things, dictated for the record: "*  *  *  (A)s I understand the law and in this case, *  *  * this property does not abut a public road, that is agreed and stipulated; that prior to the taking there was no public road abutting *  *  * this property *  *  *."

We think it was error to exclude defendants' evidence in this respect. It is a matter of common knowledge that hundreds of farms in North Carolina are not served by a public highway. Even so, access to the nearest public highway over a private or neighborhood road serves substantially the same purpose as would a public highway. To completely cut off one's access over a private way or neighborhood road to the nearest public road, without providing other reasonable access to a public road, may diminish the value of the land involved to the same extent as if access was denied to a public highway abutting the premises.

G.S. 136-67 provides in pertinent part as follows: "All those portions of the public road system of the state which *  *  * have been abandoned by the State Highway Commission, but which remain open and in general use as a necessary means of ingress to and egress from the dwelling house of one or more families *  *  * are *  *  * neighborhood public roads." See *Woody v. Barnett,* 235 N.C. 73, 68 S.E. 2d 810.

The case of *Snow v. Highway Commission,* 262 N.C. 169, 136 S.E. 2d 678, involved an abandoned area of U.S. Highway 52. The

plaintiff's property abutted on the abandoned portion of the highway. The defendant closed the eastern end of the abandoned portion of the road and denied the plaintiff access to the new 4-lane non-access highway, but provided a modern clover-leaf system of access to the new limited access highway at a point approximately 2,000 feet west of plaintiff's residence. We held the denial of access to the new highway at the eastern end of the abandoned portion of the old highway was not compensable.

Likewise in *Wofford v. Highway Commission*, 263 N.C. 677, 140 S.E. 2d 376, a limited access highway was built across a municipal street which placed the owners of property abutting the street in a cul-de-sac and deprived them of access to one end of the street. Since there was no taking of property and they had reasonable access to the other streets in the city, the property owners in the cul-de-sac were held not to be entitled to compensation.

These cases are factually distinguishable from the instant case, where the only access was closed by the construction of the highway involved and no other access was available or provided.

There is no contention that the plaintiff did not have the right to close the defendants' way of ingress to and egress from the defendants' premises. The only question involved is whether or not such closing does or does not constitute an element of damages that may be considered by the jury in arriving at the value of the property involved before and after the taking.

In *Snow v. Highway Commission, supra,* this Court quoted with approval from the opinion of the Supreme Court of Iowa in *Warren v. Iowa State Highway Commission,* 250 Iowa 473, 93 N.W. 2d 60, as follows:

"'* * * upon careful analysis of the cases the true rule appears with reasonable certainty. It is that one whose right of access from his property to an abutting highway is cut off or substantially interferred with by the vacation or closing of the road has a special property which entitles him to damages. But if his access is not so terminated or obstructed, if he has the same access to the highway as he did before the closing, his damage is not special, but is of the same kind, although it may be greater in degree, as that of the general public, and he has lost no property right for which he is entitled to compensation.'"

In the case of *Kirkman v. Highway Commission,* 257 N.C. 428, 126 S.E. 2d 107, the action was instituted to recover just compensation for the taking of plaintiff's private access to U. S. Highway 421 and for damages caused to the remainder of plaintiff's property by reason of the taking. The plaintiff owned a motel on old U. S. 421

near Kernersville and had previously sold the defendant certain land needed in connection with the construction of new 421, reserving access to the new highway when constructed. Later, defendant took over and closed plaintiff's access to the new highway. The jury assessed damages as a result thereof at $24,000. On appeal to this Court we upheld the verdict, and Sharp, J., speaking for the Court, said:

> "Loss of profits or injury to a growing business conducted on property or connected therewith are not elements of recoverable damages in an award for the taking under the power of eminent domain. *Pemberton v. Greensboro,* 208 N.C. 466, 181 S.E. 258. However, when the taking renders the remaining land unfit or less valuable for any use to which it is adapted, that fact is a proper item to be considered in determining whether the taking has diminished the value of the land itself. If it is found to do so, the diminution is a proper item for inclusion in the award. The condemner is not required to pay compensation for a loss of business but only for the diminished value of land which results from the taking. When rental property is condemned the owner may not recover for lost rents, but rental value of property is competent upon the question of the fair market value of the property at the time of the taking."

The defendants not only assign as error the refusal of the court below to admit their testimony with respect to the existence of an access road at the time of the taking, but also excepted to and assign as error the statement of the court to the effect that it was stipulated that prior to the taking there was no public road abutting this property. The defendants contend that no such stipulation was ever made. There are numerous stipulations in the record. However, we have been unable to find one in accord with the court's statement dictated for the record and pursuant to which the jury was instructed as follows: "Now, ladies and gentlemen of the jury, you will recall and it was stipulated and agreed that there was no access or was no road or public road on this property at the time this property was taken," to which defendants excepted, and assign as error.

In our opinion the defendants are entitled to a new trial, and it is so ordered.

There are other assignments of error which in our opinion are not without merit. Even so, they may not recur in another hearing and we deem it unnecessary to discuss them.

There is another matter which occurred in connection with the trial below which in our opinion merits our attention. In a pretrial conference in this case the defendants advised the trial judge that

they proposed to offer evidence as to water damages to the property referred to in the complaint and answer by diversion of the natural flow of water. Plaintiff's counsel objected. The court held that such evidence could not be admitted at the trial because such element of damage had not been pleaded in the answer.

Plaintiff's counsel contend here that defendants' counsel did not except to the ruling, and therefore the defendants are not entitled to have this ruling considered. It will be noted that the pretrial order of the court, while dated on 5 November 1965, the date the final judgment was signed, was not filed by the trial judge until 9 November 1965.

The ruling was so palpably erroneous we desire to call attention to certain of our decisions bearing on this identical point.

In the case of *Gallimore v. Highway Commission*, 241 N.C. 350, 85 S.E. 2d 392, the petitioners alleged in separately numbered paragraphs 14 elements or items of damage to their property. All, or substantially all, of these allegations were stricken before trial. Upon appeal to this Court, Bobbitt, J., speaking for the Court, said:

> " 'Any evidence which aids the jury in fixing a fair market value of the land, and its diminution by the burden put upon it, is relevant and should be heard; any evidence which does not measure up to this standard is calculated to confuse the minds of the jury, and should be excluded. This is as far as we can safely go in the present state of the case.' *Abernathy v. R. R.*, *supra* (150 N.C. 97, 69 S.E. 180).
>
> "Since the petitioners, without setting forth in their petition the specific elements they contend caused a dimunition in fair market value, may offer evidence within the rule quoted in the preceding paragraph, they are in no way prejudiced by the ruling of Judge Fountain. Neither G.S. 136-19 nor G.S. 40-12, nor any decision to which our attention has been called, requires such particularization as a prerequisite to the introduction of relevant evidence. The petitioners may offer all competent evidence relevant to the issue to the same extent as if the stricken allegations were now in the petition."

In condemnation proceedings our decisions are to the effect that damages are to be awarded to compensate for loss sustained by the landowner. *Gallimore v. Highway Commission*, *supra*. "The compensation must be full and complete and include everything which affects the value of the property and in relation to the entire property affected." *Abernathy v. R. R.*, 150 N.C. 97, 69 S.E. 180.

New trial.

MOORE, J., not sitting.