THE CITY OF KINGS MOUNTAIN, A MUNICIPAL CORPORATION, PETITIONER v. BUFORD D. CLINE AND W. K. MAUNEY, JR., TRADING AS THE DOUBLE B. RANCH, A PARTNERSHIP, AND PATRICIA C. GOLD AND HUSBAND, HARRY G. GOLD, EDWIN H. CLINE AND WIFE, JEAN R. CLINE, C. R. GOLD AND WIFE, OCIE GOLD, JOSEPH C. WHISNANT, TRUSTEE, FIRST CITIZENS BANK AND TRUST COMPANY OF KINGS MOUNTAIN, N. C., AND COUNTY OF CLEVELAND, DEFENDANTS

No. 7327SC390

(Filed 25 July 1973)

1. Eminent Domain § 5— taking of part of land for water reservoir — measure of damages

Where the defendant's land is taken for the impoundment of water, he may recover damages caused to his remaining land from the impoundment of that water on the land taken, and the measure of damages for the part remaining is the difference in market value of that part taken before and after water was impounded on the land taken, which was part of the entire tract.

2. Eminent Domain §§ 6, 7— condemnation of dairy farm — evidence of damage to business inadmissible — charge on special damage improper

In North Carolina the taking of land does not contemplate compensation for loss of business maintained on that land, or for cost in

---

City of Kings Mountain v. Cline

---

moving a business and its attendant personal property to another location; therefore, in a proceeding to condemn land owned by defendants for a water reservoir, the trial court erred in instructing on the special use made of the land by defendants and in admitting evidence with respect to the past profitability of defendants' dairy business conducted on the land, the cost of moving the dairy herd and milking operation to another location, and the loss in gross receipts of the dairy operation after the herd was moved.

APPEAL by Petitioner from *Falls, Judge,* 27 November 1972 Civil Session of CLEVELAND County Superior Court.

The City of Kings Mountain instituted this proceeding to condemn land owned by the defendants for a water reservoir. Petitioner's right to condemn land for such purpose was established on a prior appeal, reported in *City of Kings Mountain v. Cline,* 281 N.C. 269, 188 S.E. 2d 284 (1972). This appeal is from a judgment entered upon the jury's determination of damages in the amount of $175,000.00.

*Verne E. Shive, Jack H. White, and Henry L. Fowler, Jr. for petitioner appellant.*

*Whisnant & Lackey by N. Dixon Lackey, Jr. for defendant appellees.*

CAMPBELL, Judge.

Compensation for the taking of land by the exercise of the power of eminent domain is the fair market value of the land taken at the time of the taking. In this case it was 5 November 1969.

Fair market value is the price the property would bring when offered for sale by one who desires, but is not compelled to sell, and is bought by one desiring to buy, but not under the necessity of purchasing. *Barnes v. Highway Commission,* 250 N.C. 378, 109 S.E. 2d 219 (1959).

Where only a portion of the owner's tract of land is taken, the measure of compensation is the difference between the fair market value of the entire tract of land just prior to the taking and the fair market value of the part remaining just after the taking. *In re Land of Alley,* 252 N.C. 765, 114 S.E. 2d 635 (1960); *Pemberton v. Greensboro,* 208 N.C. 466, 181 S.E. 258 (1935).

If the statute under which the condemnor has taken land authorizes the deduction of benefits to the land remaining, the total compensation to the landowner must be diminished by any such benefit to his remaining land arising out of the use to which the condemned land is put. *In re Land of Alley, supra.*

In the instant case the City of Kings Mountain proceeded under the authority of G.S. 160-204, *et seq.,* now repealed but applicable to this action, which sections authorize deduction of benefits to the landowner.

Additionally, however, under some circumstances the landowner may recover compensation for damage to the land remaining in his hands. Damage to the part remaining which arises from the use of the land taken is compensable only if such damage is caused by the use of the specific land taken, which land had before been a unity with the part remaining. A use of lands of another which causes annoyance, inconvenience, or damage to the land of the defendant is not compensable. *Light Company v. Creasman,* 262 N.C. 390, 137 S.E. 2d 497 (1964). If the defendant were to claim damage from conduct of the condemnor, which conduct did not arise out of use of the defendant's land taken, such damage is suffered by all in the neighborhood generally, and is not the proper subject of compensation.

[1] Where the defendant's land is taken for the impoundment of water, he may recover damages caused to his remaining land from the impoundment of that water on the land taken. *Power Co. v. Hayes,* 193 N.C. 104, 136 S.E. 353 (1927). The measure of damages for the part remaining is the difference in market value of that part before and after water was impounded on the land taken, which was part of the entire tract. *Power Co. v. Hayes, supra.*

The above principles of law were adequately covered by the trial court in its charge to the jury, and were supported by evidence. Generally, there was evidence on the part of the defendants that the highest and best use of the land was for the purpose of dairy farming; the land was large enough to support a dairy herd of reasonable economic size, and the land contained a large tract of bottom land fertile enough to grow most of the feed required by the herd. There was competent evidence by real estate appraisers as to the fair market value

of the entire tract of land prior to the date of taking, and of the fair market value of the remaining land after the taking.

Further, there was evidence presented by defendants that after the City completes its water reservoir defendants will be left with 132 acres of land divided by the water into two tracts. The witnesses testified that these two tracts, even if joined together, would be insufficient for a successful dairy operation because of size and because all the fertile bottom land was taken. Additionally, the two tracts were each surrounded by land belonging to others so that the defendants had no access to the remaining land.

The defense witnesses also testified that the remaining land would be unsuitable for recreational or residential use due to the lack of access and the fact that the reservoir was not designated as a recreational area. The evidence also tended to show that the City of Kings Mountain condemned enough land around the proposed reservoir to allow for an eight-foot vertical rise in water level, which land space placed the defendants' remaining land some 200 feet from the normal water line of the lake.

The petitioner's witnesses, on the other hand, testified that the value of the remaining land had greatly risen in value due to its suitability for use as recreational and residential property.

All the above matters could properly be considered by the jury in awarding compensation for the taking of defendants' land and damage to the remaining land.

[2] There was much testimony, however, concerning the past profitability of defendants' dairy business, the cost of moving the dairy herd and milking operation to another location, and the loss in gross receipts of the dairy operation after the herd was moved. All of the above items are improper, should not have been received in evidence, and should not have been considered by the jury in determining the amount of compensation.

In North Carolina the taking of land does not contemplate compensation for loss of business maintained on that land, or for cost in moving a business and its attendant personal property to another location. *Williams v. Highway Commission*, 252 N.C. 141, 113 S.E. 2d 263 (1960). It is error, therefore, to compensate a landowner for the loss of his dairy business occasioned by the taking of his land. *Pemberton v. Greensboro, supra.*

Error in admission of evidence of business profits, cost of relocation, and damage to the dairy business after relocation was compounded by the court's charge. At one point in the charge the trial court stated: "If a tract of land to which the whole or part is taken for a public use, possess a special value to the owner which may be measured by money, he is entitled to have that value considered in the estimate of compensation and damages, . . . " This very charge was held as error in *In re Land of Alley, supra,* as being an abstract statement of law not supported by competent evidence, for special business value, or sentimental value, is not such value as will support a monetary compensation.

As in *Alley* we feel that the charge taken together with the incompetent evidence is calculated to mislead the jury in its award and hence erroneous.

Reversed and remanded for new trial.

Judges MORRIS and PARKER concur.