DEPARTMENT OF TRANSPORTATION v. WILLIAM D. BYRUM AND WIFE, ESTELLE W. BYRUM; J. LARKIN LITTLE, TRUSTEE; HOME FEDERAL SAVINGS AND LOAN ASSOCIATION OF EASTERN CAROLINA; FOREMAN'S, INC.; STEVE HAMPTON PLUMBING & SUPPLY COMPANY; AND GEORGE OWEN

No. 862SC74

(Filed 15 July 1986)

**Eminent Domain § 6.4— value of property—income approach—not allowed**
There was no error in a condemnation case in the exclusion of expert testimony regarding the fair market value of land based on lost business income. The two *Raleigh-Durham Airport Authority* cases, 75 N.C. App. 57 and 75 N.C. App. 121, did not change the rule that lost profits and lost income cannot be considered in an award pursuant to a taking. N.C.G.S. § 136-112(1).

APPEAL by defendants from *Brown, Judge.* Judgment entered 21 June 1985 in Superior Court, WASHINGTON County. Heard in the Court of Appeals 15 May 1986.

This is a condemnation case instituted 27 June 1983 which arose when plaintiff Department of Transportation sought to take land in which all defendants had or claimed an interest. Defendants William D. Byrum and wife Estelle W. Byrum are record holders; all remaining defendants are lien or judgment creditors. Plaintiff deposited the sum $15,700.00 as estimated just compensation for the appropriation of a .208-acre tract on the south shore of Albemarle Sound, needed in the replacement of a bridge spanning Albemarle Sound.

The .208-acre tract at issue is part of the 3.447 acres owned by Mr. and Mrs. Byrum. Improvements on the Byrum's property include a house, a restaurant, a game room, and a campground with forty (40) hookups for campers. The strip of land taken by plaintiff included twenty-eight (28) camper septic tank hookups, which, according to Mrs. Byrum's voir dire testimony, had to be disconnected and could not be relocated elsewhere on the property. On 20 May 1985, the case went to trial only on the issue of just compensation. During the course of defendants' opening statement, defendants' counsel stated:

> Our evidence is going to show that all of this area in here with the exception of their house was operated as a business, as a going business open 365 days a year so that [sic] use and benefit of the general public out of which they generated income. I believe that our evidence is going to show that there has been a substantial decrease in the total income that they earned from that quarter.

Plaintiff objected to this statement and the court sustained the objection. At the close of opening statements, the court conducted a voir dire hearing to determine the admissibility of the testimony regarding loss of business income. Defendants' expert witness Jack A. Williford testified at the voir dire hearing that in his opinion the fair market value of the land taken was $95,000.00 and that this amount was based primarily on the income approach to valuing commercial property.

On cross-examination, plaintiff asked the following question, which Mr. Williford answered as follows:

> Q. Now when you say you used the income approach, then you did not use the established rental value of the property

before and after? You used purely the gross income and the profits derived from the businesses which were being operated on the property?

A. Yes, sir, that's exactly what I used.

Mr. Webb: Your Honor, that would be what we would object to and move to strike his testimony.

The court sustained plaintiff's objection. At the voir dire examination of defendant Estelle Byrum, she testified that the fair market value of the taken land was $141,000.00. She testified that she calculated that value as follows: "from the time we bought the place, what it is worth to us and from after the State took the piece of land, what it was worth to us after because we lost our whole trailer park." The court sustained plaintiff's objection to this testimony. When the jury returned, defendants stated, "There will be no evidence for us, your Honor." The court entered judgment based upon the pleadings and awarded damages in the amount of $15,700.00, the original court deposit. Defendants William D. Byrum and Estelle W. Byrum appeal.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Robert G. Webb, for plaintiff appellee.*

*Pritchett, Cooke & Burch, by W. W. Pritchett, Jr., for defendant appellants.*

*Charles W. Ogletree, for defendant appellants.*

JOHNSON, Judge.

In defendants' sole Assignment of Error, they contend the court committed reversible error by ruling that the expert testimony of Jack A. Williford was inadmissible for the purpose of establishing fair market value of the land at issue. Specifically, defendants contend that the capitalization of income approach utilized by Mr. Williford as his method of appraisal is a proper method in determining fair market value in condemnation cases. We disagree and find defendants' reliance upon two recent decisions from this Court, *Raleigh-Durham Airport Authority v. King*, 75 N.C. App. 121, 330 S.E. 2d 618 (1985), and *Raleigh-Durham Airport Authority v. King*, 75 N.C. App. 57, 330 S.E. 2d 622 (1985), misplaced.

The two *Raleigh-Durham Airport Authority* cases are inapposite. In *Raleigh-Durham Airport Authority v. King*, 75 N.C. App. 121, 330 S.E. 2d 618, 3.6 acres were at issue. Improvements included the Kings' home, a frame office structure, and a parking lot with room for approximately fifty-five automobiles, with maximum capacity for 200 automobiles during holiday seasons. In 1983, the parking business earned $57,000.00 gross income for ten months of operation. The rate charged was $2.50 per day per vehicle. The trial judge allowed Mrs. King to testify regarding the parking revenues after characterizing them as "rentals." This Court found no error in the court's finding this evidence admissible. In so ruling this Court cited two North Carolina Supreme Court cases, *State Highway Commission v. Phillips*, 267 N.C. 369, 148 S.E. 2d 282 (1966), and *Kirkman v. State Highway Commission*, 257 N.C. 428, 126 S.E. 2d 107 (1962). Both of these cases distinguish loss of profits or injury to a business from the rental value of property. *Phillips, supra*, at 373, 148 S.E. 2d at 285; *Kirkman, supra*, at 432, 126 S.E. 2d at 110. Loss of profits are not elements of recoverable damages in an award for a taking under the power of eminent domain. *Phillips, supra; Kirkman, supra*. "When rental property is condemned the owner may not recover for lost rents, but rental value of property is competent upon the question of the fair market value of the property at the time of the taking." *Kirkman, supra*, at 432, 126 S.E. 2d at 110.

In the present case defendants could have offered evidence of the rents received from the campground rental business, but they did not attempt to do so. The excluded testimony was for the loss of profits for all the businesses—the restaurant, the game room and the campground—as indicated by income tax returns for 1982, 1983 and 1984. No evidence was presented in an attempt to separate rental income from the campground from the other businesses, or to show the rate of rent charged per vehicle, as was done in the *Raleigh-Durham Airport Authority* case.

Defendants also rely on *Raleigh-Durham Airport Authority*, 75 N.C. App. 121, 330 S.E. 2d 618, as giving approval to the income method to determine fair market value, the method which defendants used in the case *sub judice*. In that decision, this Court acknowledged that the expert witness used two appraisal methods, the widely accepted comparable sales approach and the income approach. This Court allowed the expert's opinion regard-

ing the fair market value of $429,000.00 because the expert said "my decision was that the value indicated by the comparable sales was the most probable value and that was my opinion of value." *Id.* at 125, 330 S.E. 2d at 620. In other words, this Court allowed the testimony because the expert's opinion was *not* based upon the income approach.

*Raleigh-Durham Airport Authority v. King,* 75 N.C. App. 57, 330 S.E. 2d 622 (1985), does not support defendants' position either. In that case the fair market value of a two-acre tract of land was at issue. Improvements included the defendants' home, a restaurant and country store combination that sold gasoline, and several outbuildings. The defendants leased their commercial facility. The plaintiff claimed it was reversible error to admit testimony of the fair market value "based upon capitalization of *hypothetical* income from *hypothetical* improvements to the property." *Id.* at 63, 330 S.E. 2d at 626 (emphasis in original). This Court stated, "Without expressing an opinion as to whether the capitalization of hypothetical income is a proper method of valuation, we hold that in the context of this case [the] expert testimony was properly received." *Id.* at 64, 330 S.E. 2d at 626. Defendants point to this case as not excluding the income method of valuation. It does not. Closer reading of the opinion reveals that in the passage quoted above, this Court was referring to *rental* income which, as stated previously, has long been an accepted consideration in arriving at fair market value of the property at the time of the taking. In conclusion, neither of these two decisions relied upon by defendants change the rule that lost profits and lost income cannot be considered in an award pursuant to a taking.

In *City of Kings Mountain v. Cline,* 19 N.C. App. 9, 198 S.E. 2d 64 (1973), this Court specifically found that it was error to admit testimony concerning the loss of profits and loss in gross receipts of a dairy business. *Id.* at 12, 198 S.E. 2d at 66. However, we are aware that there is a line of cases that appear to imply a different result. In *Board of Transportation v. Jones,* 297 N.C. 436, 255 S.E. 2d 185 (1979), our Supreme Court upheld the admission of a real estate appraiser's expert opinion as to the fair market value of the property at issue where this figure was based on the value of the part taken plus damage to the remainder. *Id.* at 439, 255 S.E. 2d at 188. The Court concluded that much more

latitude is accorded to the scope of testimony of the expert real estate appraiser to assess damages than is accorded to a judge or jury in deciding damages under G.S. 136-112(1). *Id.* at 438, 255 S.E. 2d at 187.

G.S. 136-112(1) provides, that the "commissioners, jury or judge" are restricted to "the difference between the fair market value of the entire tract immediately prior to said taking and the fair market value of the remainder immediately after said taking. . . ." G.S. 136-112(1). The judge is required to instruct the jury to use the above standard—and that standard only—in computing damages. *Board of Transportation v. Jones, supra,* at 439, 255 S.E. 2d at 187. However, a real estate appraiser is given wide latitude regarding permissible bases for opinions on value. *Id.* at 438, 255 S.E. 2d at 187, *citing State Highway Commission v. Conrad,* 263 N.C. 394, 139 S.E. 2d 553 (1965). In *Department of Transportation v. McDarris,* 62 N.C. App. 55, 302 S.E. 2d 277 (1983), this Court held that the challenged testimony regarding damages was admissible and stated "the range of valuation methods available to experts is unlimited." *Id.* at 59, 302 S.E. 2d at 279 (where expert real estate appraiser testified to the amount of damages based in part on the cost of landfill material necessary to restore the property to its original condition). However, none of the cases in this line address testimony by a real estate appraiser regarding fair market value based on lost income. We hold that *City of Kings Mountain v. Cline, supra,* is controlling and the evidence of Jack A. Williford regarding the fair market value of the land at issue based on the lost business income was properly excluded. Therefore, judgment is

Affirmed.

Judges WEBB and WHICHARD concur.