CITY OF STATESVILLE, PLAINTIFF-APPELLANT v. JOE A. CLOANINGER AND JULIA W. CLOANINGER, DEFENDANTS-APPELLEES

No. 9122SC114

(Filed 7 April 1992)

1. **Eminent Domain § 242 (NCI4th)— flight easement—further takings by increased operations—instruction not required**

    In an action to condemn a flight easement over defendants' property, the trial court properly refused to instruct the jury that further compensable takings may occur upon increases in operations since the issue in this case was the compensation for the specific rights taken, and the condemned easement was defined without limitation as to the type of aircraft, number of flights, or amount of noise, vibrations, fumes, dust, fuel particles and all other effects.

    **Am Jur 2d, Aviation § 7; Eminent Domain §§ 162, 272.**

2. **Evidence and Witnesses § 572 (NCI4th)— condemnation of flight easement—forecast of airport activity**

    In an action to condemn a flight easement across defendants' property for a municipal airport, an exhibit and testimony forecasting activity for the airport from 1978 to 2008 by types of aircraft and frequency of use were relevant and admissible on the issue of damages suffered by the property owners.

    **Am Jur 2d, Eminent Domain § 422.**

3. **Evidence and Witnesses §. 1724 (NCI4th)— videotape— foundation for admission**

    In an action to condemn a flight easement over defendants' property for a municipal airport, a proper foundation was laid for the admission for illustrative purposes of a videotape of an airplane flying over the condemned property where the trial court found that the recorder was operated by a person competent to operate it, that the recording accurately represents the sound of the airplane entering and leaving the airport, that the sound and tape were accurately identified by one landowner, that the tape is accurate and authentic, and that the tape has been in the custody of the operator and has not been altered.

CITY OF STATESVILLE v. CLOANINGER

[106 N.C. App. 10 (1992)]

Am Jur 2d, Eminent Domain § 424; Evidence §§ 436, 801.5.

**Admissibility of visual recording of event or matter giving rise to litigation or prosecution. 41 ALR4th 812.**

**Admissibility of sound recordings in evidence. 58 ALR2d 1024.**

4. **Evidence and Witnesses § 572.1 (NCI4th)— condemnation— value—capitalization of income approach**

The trial court in an action to condemn a flight easement properly permitted two expert witnesses to testify as to the fair market value of the landowners' property before the taking based on a capitalization of income approach.

**Am Jur 2d, Eminent Domain §§ 425, 427, 431.**

APPEAL by plaintiff from judgment entered 30 October 1990 by *Judge Preston Cornelius* in IREDELL County Superior Court. Heard in the Court of Appeals 6 November 1991.

The City of Statesville brought a condemnation action against defendants on 18 June 1989 condemning an easement over 11.5 acres of the defendants' property for "avigational" purposes. The City deposited $52,200 with the Clerk of Superior Court of Iredell County as just compensation for the taking, and this amount was later disbursed to defendants. At trial on the issue of just compensation, the jury concluded that the defendants were entitled to recover $350,000. On 30 October 1990 judgment was entered in accordance with the verdict.

From this judgment, plaintiff appeals.

*Homesley, Jones, Gaines & Fields, by Edmund L. Gaines, for plaintiff-appellant.*

*Long, Parker, Hunt, Payne & Warren, P.A., by Robert B. Long, Jr. and Ronald K. Payne, for defendant-appellees.*

ORR, Judge.

The City argues 15 issues on appeal. For the reasons below, we affirm the judgment of the trial court.

I.

[1] First the City contends that the trial court erred in denying its request for the following jury instruction:

Members of the jury though the compensation you award today represents all the compensation the defendants will receive for the easement rights being acquired in this action the law of this state recognizes that once a flight easement has been established, further compensable takings may occur upon increases in operations within the easement acquired with consequent decreases in land values significantly beyond the diminutions resulting from the initial taking; and should further flights become so frequent across the defendants' property as to be a direct and immediate interference with the enjoyment and use of their land and result in a substantial decrease in the value of their land beyond the decrease resulting from this taking they would have recourse in the Courts for further damages.

The easement is described as follows:

An easement and right of way, appurtenant to Statesville Municipal Airport for the unobstructed passage of all aircraft, ("aircraft" being defined for the purpose of this instrument as any contrivance now known or hereafter invented, used or designed for navigation of or flight in the air) by whomsoever owned and operated in the air space above Grantors' property above an imaginary plane rising and extending in a generally Easterly direction over Grantors' property, said imaginary plane running from approximately 990 feet Mean Sea level above Point A on Exhibit A at the rate of one foot vertically for each 20 feet horizontally to approximately 1030 feet Mean Sea level above Point B on Exhibit A, to an infinite height above said imaginary plane, together with the right to cause in all air space above the surface of Grantors' property such noise, vibrations, fumes, dust, fuel particles, and all other effects that may be caused by the operation of aircraft landing at, or taking off from, or operating at or on said Statesville Municipal Airport. . . .

Pursuant to N.C. Gen. Stat. § 1A-1, Rule 51 (1990) of the North Carolina Rules of Civil Procedure, "[w]hen a party appropriately tenders a written request for a special instruction which is correct

in itself and supported by the evidence, the failure of the trial judge to give the instruction, at least in substance, constitutes reversible error." *Millis Constr. Co. v. Fairfield Sapphire Valley, Inc.,* 86 N.C. App. 506, 509-10, 358 S.E.2d 566, 568 (1987).

The City cites *Avery v. United States,* 330 F. 2d 640, 642 (Ct. Cl. 1964), an inverse condemnation case, where the issue was "whether the introduction of larger, heavier, noisier aircraft can constitute a fifth amendment taking of an *additional* easement *even though* new aircraft do not violate the boundaries of the initial easement." The landowners in that case argued that the use of an air station for training, the building of longer runways, and the use of large bombers plus the decrease in property values together created a new taking beyond the original one. *Id.* at 641-42. The Court agreed and rejected the government's argument that the avigation easement covered all kinds and numbers of aircraft. *Id.* at 643. The City also cites *Cochran v. City of Charlotte,* 53 N.C. App. 390, 396, 281 S.E.2d 179, 185 (1981), *disc. review denied,* 304 N.C. 725, 288 S.E.2d 380 (1982), an inverse condemnation case, in which we relied on *Avery,* and held that "when compensation for initial takings of flight easements has been established, further compensatory takings occur upon increases in operations or introduction of new aircraft within the easements acquired with consequent decreases in land values significantly beyond the diminutions resulting from the initial takings."

We hold that the trial court's decision not to give the City's requested instruction was proper. "[O]nce an easement is taken, the condemnor ordinarily enjoys the right to use it without incurring further liability to the landowners and successors. That insulation from further liability extends only to the 'defined portion' of property actually taken, however." *Smith v. City of Charlotte,* 79 N.C. App. 517, 527, 339 S.E.2d 844, 850 (1986) (citation omitted). We recognize that further compensable takings of avigation easements may occur on an increase in air traffic. *See Cochran,* 53 N.C. App. at 396, 281 S.E.2d at 185. However, the issue in the case *sub judice* is the compensation for the specific rights taken, and thus an instruction as to the possibility of future compensable takings would not be appropriate.

Unlike the case *sub judice, Cochran* is an inverse condemnation action where the number of flights increased greatly. Here the easement defined its perpetual rights with no limitation as to the

type of aircraft, which is defined in the easement as "any contrivance now known or hereafter invented, used or designed for navigation of or flight in the air," amount of flights, noise, vibration, fumes, dust, fuel particles, and "all other effects." In light of the broad nature of the rights acquired, the trial court correctly declined to give the requested instruction.

II.

[2]   Next the City argues that the trial court erred in overruling its objections to the introduction into evidence of defendant's exhibit of forecast of activity for the airport from 1978 to 2008 and to testimony regarding this exhibit. The City argues that the exhibit and testimony prejudiced its case "by wrongly implying to the jurors that they were there required to anticipate, and provide compensation for, future increases in airport activity." The City again cites *Cochran*, *Avery*, and *Smith*, and argues that the landowner may still recover for a subsequent taking "upon the necessary showing of diminution of value." The City argues that defendants' use of this forecast of activity is an improper attempt to bring together in one action damages currently suffered along with damages which, if incurred, should be brought in a later action.

We disagree. Generally all relevant evidence is admissible. N.C. Gen. Stat. § 8C-1, Rule 402 (1988). However, the probative value of the evidence must substantially outweigh the danger of unfair prejudice. N.C. Gen. Stat. § 8C-1, Rule 403 (1988). This evidence, which was prepared for the City of Statesville Municipal Airport, was relevant to show the types of aircraft that would be using the easement, the frequency of the use, and how extensive usage there would be across the easement, all of which related to the damages suffered by the property owner. Thus we conclude that the trial court did not err in admitting this evidence.

III.

[3]   The City further argues that the trial court erred in admitting into evidence a videotape of an airplane flying over the property on the grounds that no proper foundation had been laid as to accuracy and competency. We disagree. Videotapes are admissible under North Carolina law for both illustrative and substantive purposes. *State v. Cannon*, 92 N.C. App. 246, 254, 374 S.E.2d 604, 608 (1988), *rev'd on other grounds*, 326 N.C. 37, 387 S.E.2d 450 (1990). N.C. Gen. Stat. § 8-97 (1986) provides that a videotape is

admissible as substantive evidence "upon laying a proper foundation and meeting other applicable evidentiary requirements."

On *voir dire*, the landowner testified that he was present when the recording was made, that the sound on the tape was representative of the noise on the day the recording was made and representative of noise of airplanes approaching and departing the airport, and that nothing appeared to have been distorted or altered in any way so that it was different from what he heard on the day the tape was made. In its findings of fact, the trial court stated that the operator of the recorder was familiar with its proper use, the sounds were from an airplane flown by Gene Davis, the recording accurately records the sound level, and no changes to the tape were made. Based on these findings, the trial court concluded that the recorder was operated by a person competent to operate it, that the recording accurately represents the sound of the plane entering and leaving the airport, that the sound and tape were accurately identified by the landowner, that the tape is accurate and authentic and had been in the custody of the operator and no changes had been made. Then the trial court concluded that the tape was competent evidence for illustrative purposes. Thus defendants laid a proper foundation to introduce the videotape. Accordingly, the trial court did not err in admitting the tape.

## IV.

[4] The City next contends that the trial court erred in admitting defendant's schedule F of his 1988 tax return and testimony of witnesses Edmiston and Bell regarding the fair market value of the property before the taking. The basis of the City's argument is that the testimony of Edmiston and Bell as to the before value of the property was inadmissible since it was based on a capitalization of income approach to determine value.

We recognize that "[l]oss of profits or injury to a growing business conducted on property . . . are not elements of recoverable damages in an award for a taking under the power of eminent domain." *Kirkman v. Highway Comm'n*, 257 N.C. 428, 432, 126 S.E.2d 107, 110 (1962) (citing *Pemberton v. City of Greensboro*, 208 N.C. 466, 181 S.E. 258 (1935)). Plaintiff cites *City of Kings Mountain v. Cline*, 19 N.C. App. 9, 198 S.E.2d 64 (1973), where this Court held that evidence as to the past profitability of defendants' dairy business, the cost of moving, and the loss in gross receipts after moving was inadmissible, and on *Dep't of Transp.*

v. Byrum, 82 N.C. App. 96, 345 S.E.2d 416 (1986), in which we relied on Cline. In Byrum the Court held that the method utilized by the expert witness to calculate fair market value was improper. 82 N.C. App. at 98, 345 S.E.2d at 418. There the excluded evidence regarding fair market value was based on lost profits from the businesses. We distinguish Byrum as being limited to the use of lost profits as the methodology of the appraisal.

In a condemnation case the issue for determination is damages based upon the difference in fair market value of the property before and after the taking. Metro. Sewerage Dist. of Buncombe Co. v. Trueblood, 64 N.C. App. 690, 308 S.E.2d 340 (1983), cert. denied, 311 N.C. 402, 319 S.E.2d 272 (1984). Accepted methods of appraisal in determining fair market value include: (1) the comparable sales method, (2) the cost approach, and (3) the capitalization of income approach. See 4 J. Sackman, Nichols' The Law on Eminent Domain §§ 12B.04, 12B.08, 12B.11 (rev. 3d ed. 1990); Highway Comm'n v. Conrad, 263 N.C. 394, 139 S.E.2d 553 (1965) (comparable sales approach proper in condemnation cases). "[W]here no comparable sales are available, [the income] approach is generally accepted as the next best approach to valuation." 4 Nichols § 12B.08 at 48.

"Testimony of an expert in the form of an opinion is properly admitted into evidence if the expert's specialized knowledge will assist the jury in understanding the evidence or in determining a fact at issue in the case." Thomas v. Dixson, 88 N.C. App. 337, 342, 363 S.E.2d 209, 213 (1988); N.C. Gen. Stat. § 8C-1, Rule 702 (1988). "[T]he range of valuation methods available to experts is unlimited." Dep't of Transp. v. McDarris, 62 N.C. App. 55, 59, 302 S.E.2d 277, 279 (1983); see Byrum, 82 N.C. App. at 100-01, 345 S.E.2d at 419 (more latitude given to scope of an expert real estate appraiser's testimony to assess damages than to a judge or jury in deciding damages under N.C. Gen. Stat. § 136-112(1)).

The witnesses for both the property owner and the condemning authority utilized in whole or in part the income approach because of the shortcomings in evidence upon which the other two methods could be used. Defendant's expert Edmiston testified as to market value based on an income approach and that although he had found only one sale of a dairy farm in the county in recent years, it was not comparable. Bell also testified as to value using an income approach. Then Marlowe, the City's witness, stated that

CITY OF STATESVILLE v. CLOANINGER

[106 N.C. App. 10 (1992)]

as to the comparable sales approach only the one sale of a dairy farm was discovered in the Iredell County market. He cited it for "indirect comparison" with the property at issue. His written report stated that "this property is difficult to compare directly with the subject because of differences in land and improvements." The report further stated that the income approach is "most appropriate" since dairy farms are income-producing properties.

To adopt the rationale of the City and its interpretation of *Byrum* of totally excluding the income approach under all circumstances would be to eliminate an accepted appraisal method where utilization of the other accepted methods is either wholly or in part inadequate. Therefore, we conclude this evidence was properly admitted.

Furthermore, Edmiston testified without objection as to value using an income approach. At the conclusion of this testimony, the City moved to strike. N.C. Gen. Stat. § 8C-1, Rule 103 (1988) of the North Carolina Rules of Evidence provides that an "[e]rror may not be predicated upon a ruling which admits . . . evidence unless a substantial right of the party is affected, and . . . a timely objection or motion to strike appears of record."

> An objection is timely only when made as soon as the potential objector has the opportunity to learn that the evidence is objectionable, unless there is some specific reason for a postponement. Unless prompt objection is made, the opponent will be deemed to have waived it.

*Stimpson Hosiery Mills v. Pam Trading Corp.*, 98 N.C. App. 543, 550, 392 S.E.2d 128, 132, *disc. review denied*, 327 N.C. 144, 393 S.E.2d 909 (1990) (quoting 1 Brandis' *Brandis on North Carolina Evidence* § 27 (Cum. Supp. 1987)); *State v. Reid*, 322 N.C. 309, 367 S.E.2d 672 (1988).

As to Bell's testimony, similar testimony from Edmiston was admitted without timely objection and similar testimony from Marlowe was presented by the City and admitted without objection. "[W]hen . . . evidence is admitted over objection, but the same or similar evidence has been previously admitted or is later admitted without objection, the benefit of the objection is lost." *State v. Hunt*, 325 N.C. 187, 196, 381 S.E.2d 453, 459 (1989). The City also argues that Bell was no better qualified than jurors to express

an opinion. However, the City made no objection as to Bell's qualifications.

> An objection to a witness's qualifications as an expert in a given field or upon a particular subject is waived if it is not made in apt time upon this special ground, and a mere general objection to the content of the witness's testimony will not ordinarily suffice to preserve the matter for subsequent appellate review.

*State v. Hunt*, 305 N.C. 238, 243, 287 S.E.2d 818, 821 (1982). Therefore, any objections to the witness's qualifications were waived.

In further assignments of error, the City attacks the admissibility of certain evidence. As to the assignments of error relating to the income approach to valuation, we have concluded above that such testimony was admissible. Thus these assignments of error are without merit. Finally we have reviewed the City's remaining assignments of error and conclude that, as to them, there was no prejudicial error. *See McNabb v. Town of Bryson City*, 82 N.C. App. 385, 346 S.E.2d 285 (1986), *disc. review allowed*, 318 N.C. 507, 349 S.E.2d 862 (1986), *review improvidently granted*, 319 N.C. 397, 354 S.E.2d 239 (1987).

Affirmed.

Judges JOHNSON and EAGLES concur.