RALEIGH-DURHAM AIRPORT AUTHORITY v. JAMES W. KING AND WIFE, MARY WARD KING; CAROLINA POWER & LIGHT COMPANY; THURMAN E. BURNETTE, SUBSTITUTE TRUSTEE; AND UNITED STATES OF AMERICA ACTING THROUGH THE FARMERS HOME ADMINISTRATION, UNITED STATES DEPARTMENT OF AGRICULTURE; AND COUNTY OF WAKE

No. 8410SC793

(Filed 4 June 1985)

1. **Eminent Domain § 5.9— airport expansion—rental revenues from land—evidence of fair market value**

    In a condemnation case involving an airport expansion, admission of testimony as to the revenues and expenses of the parking business operated on the land in question was not error. Evidence of rental revenues from land may be admitted and considered in determining the fair market value of the land at the time of the taking.

2. **Eminent Domain § 6.7; Appeal and Error § 45.1— airport expansion—highest and best use—expansion of existing business**

    In a condemnation action arising from an airport expansion, the trial court did not err by admitting expert testimony that the highest and best use of the property would be an expansion of an existing parking facility with a portion reserved for a service station. Plaintiff did not object to the general testimony, only to a more specific description of the service station, and made no argument in its brief about the overruling of its objections as to the specific description; moreover, there was no indication that defendants were showing enhanced loss because they were prohibited from carrying out a particular improvement and the evidence was admissible as evidence of the property's highest and best use.

3. **Eminent Domain § 6.4— value of condemned land—income approach**

    There was no error in a condemnation case from the admission of testimony from the landowners' expert as to his use of the income approach as part of his overall appraisal and for purposes of comparison where his opinion of the property's value was based primarily on the comparable sales approach.

4. **Eminent Domain § 6.4; Appeal and Error § 45.1— airport expansion—prices charged by airport for parking—admissible**

    In a condemnation case arising from an airport expansion, plaintiff airport abandoned on appeal its contention that the trial court erred by allowing testimony regarding prices charged by the Airport Authority for parking in the vicinity of the terminal by dwelling in its brief on defendant's parking business rather than the prices charged by the Airport Authority; even so, prices charged by the Airport Authority reflected demand for parking space in the area and helped to establish a fair market value for defendants' land. Rule 28, Rules of App. Procedure.

**5. Eminent Domain § 6.2— condemnation—property not shown to be comparable —value admissible**

The trial court in a condemnation action did not err by allowing testimony about sales and sales prices of properties not shown to be comparable to defendants' property where defendants' expert had testified that certain property was comparable and its sale price useful in establishing the fair market value of defendants' property, plaintiff sought to impeach the witness by reminding her that she had testified in another trial that the property was overpriced, the witness replied that she had received additional information, and defendants sought to question the witness on redirect about the additional information.

**6. Eminent Domain § 6.2— condemnation—rentals charged for similar property**

The trial court did not err in a condemnation case by admitting evidence of the per acre value of land offered for lease by the Airport Authority upon a capitalization rate where the opinion was based on figures in a letter from the Airport Authority to the Burger King Corporation. The application of the income approach to rentals charged for property used for similar purposes and located near defendants' land was relevant to the determination of fair market value; moreover, the letter had been initially introduced by plaintiff and no objection was made when it was reintroduced by defendants.

APPEAL by plaintiff from *Lee, Judge*. Judgment entered 26 March 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 2 April 1985.

This is a condemnation case, which arose when the plaintiff Raleigh-Durham Airport Authority sought to take land owned by defendants Mr. and Mrs. James King for expansion of the Raleigh-Durham Airport.

The property at issue is 3.6 acres situated on the eastern side of State Road 1002, or Airport Road. Improvements included the defendants' home, a frame office structure, and a fenced and graveled parking lot with room for about fifty-five cars. Mrs. King ran a parking business for airport passengers. Although the fenced and graveled lot could accommodate fifty-five cars, up to 200 cars had been parked in areas outside the lot during the holiday seasons. The total gross income for the parking business was $57,000 for ten months of operation in 1983. The parking rates charged were $2.50 per day.

Defendants presented expert witnesses who testified that the highest and best use of the land was as a parking lot, augmented with a service-type facility for the traveling public, such as a gas station.

One of defendants' expert witnesses valued the land and improvements at $429,000 while another valued the land and improvements at $391,500. One of plaintiff's expert witnesses valued the land and improvements at $155,500 while another valued them at $154,600.

After trial, a jury returned a verdict of just compensation in the amount of $355,800.

Plaintiff appeals.

*Nye, Mitchell & Jarvis, by Jerry L. Jarvis, for plaintiff appellant.*

*Thorp, Fuller & Slifkin, by William L. Thorp and Anne R. Slifkin, for defendant appellees.*

ARNOLD, Judge.

This is a condemnation case. The issue at trial was just compensation. The plaintiff now seeks a new trial on the grounds that the trial judge committed prejudicial error by admitting certain evidence submitted by defendants for the purpose of establishing the fair market value of defendants' land. We find no error in the trial judge's evidentiary rulings.

[1] Plaintiff first assigns as error the trial judge's admission of the testimony of defendant Mary King as to the revenues and expenses of the parking business operated on the 3.6 acres at issue in this case. Plaintiff argues that this was evidence of the profits of defendants' business and that although evidence of rents paid for use of the land is admissible, evidence of the profits of a business conducted on land is not admissible to prove the fair market value of the land. The trial judge allowed Mrs. King to testify as to the parking revenues after characterizing them as "rentals."

We agree that Mrs. King was essentially renting or leasing parking spaces to airline passengers. Evidence of the rental revenues from land may be admitted and considered in determining the fair market value of the land at the time of taking. *See Highway Commission v. Phillips*, 267 N.C. 369, 373, 148 S.E. 2d 282, 285 (1966); *Kirkman v. Highway Commission*, 257 N.C. 428, 432, 126 S.E. 2d 107, 110 (1962); 5 Nichols on Eminent Domain § 19.02

(rev. 3d ed.); 27 Am. Jur. 2d Eminent Domain § 433. The trial judge did not err in allowing the admission of Mrs. King's testimony.

[2]  Plaintiff next contends that the trial court erred in admitting evidence of a projected expansion of the parking facilities on the defendants' property. Defendants presented an expert witness, Thomas Anderson, a real estate planning consultant, who testified that the highest and best use of the defendants' property would be an expansion of the parking facility to 360 spaces, with a portion reserved for a service station for the traveling public. Plaintiff did not object at trial to this general testimony, but did object to the expert's more specific description of the service station as a one-story structure, not unlike a 7-11, with one attendant. Having failed to object at trial, plaintiff cannot now complain about the expert's general testimony as to the expansion of the parking facilities. Further, in its brief plaintiff makes no argument about the trial court's overruling its objections as to the specific description of the service station and therefore waives them.

Even had plaintiff not made these procedural errors, the expert's general testimony as to the parking lot expansion and service station were admissible as evidence of the land's best and highest use, which may be considered in determining fair market value, *see State v. Johnson*, 282 N.C. 1, 14, 191 S.E. 2d 641, 651 (1972); 27 Am. Jur. 2d Eminent Domain § 435; *Kirkman v. Highway Commission*, 257 N.C. 428, 432, 126 S.E. 2d 107, 111 (1962). At no point did Mr. Anderson indicate that what he described as the highest and best use was intended or proposed by the Kings as an improvement to their property. We discern no purpose on the part of defendants "to show enhanced loss because the owner is prohibited from carrying out that particular improvement. . . ." *Johnson*, 282 N.C. at 25, 191 S.E. 2d at 657.

[3]  Plaintiff objects also to the testimony of defendants' expert witness Walter Kaufman as to the fair market value of the property at issue. Plaintiff contends that Mr. Kaufman arrived at the fair market value by using a capitalization of income approach, which plaintiff says may not be used in condemnation cases.

The record reveals that Mr. Kaufman testified that the defendants' property was worth $429,000. In reaching this figure, he used two appraisal methods, the comparable sales approach and

the income approach. The value he calculated using the income approach was $500,000. He testified that "I took a look at the two different approaches and basically my decision was that the value indicated by the comparable sales was the most probable value and that was my opinion of value." Thus, Mr. Kaufman's opinion of value was based primarily on the comparable sales approach, which is proper in a condemnation case. *Highway Commission v. Conrad*, 263 N.C. 394, 400, 139 S.E. 2d 553, 558 (1965). His use of the income approach as part of his overall appraisal and for purposes of comparison did not make his final estimate of fair market value speculative and prejudicial. *See Highway Comm. v. Helderman*, 285 N.C. 645, 655-56, 207 S.E. 2d 720, 727-28 (1974).

**[4]** Plaintiff next assigns as error that the trial court allowed Wallace Kaufman to testify regarding prices charged by the Airport Authority for parking in the vicinity of the Airport terminal. In its brief, however, plaintiff dwells on a statement by Wallace Kaufman at the end of his testimony that Mrs. King was "doing quite well." Plaintiff argues that the statement that Mrs. King was doing well in her parking business was designed to show enhanced loss because she was prevented from carrying on with a profitable business. Yet, at trial, plaintiff objected to this statement, and the trial judge sustained the objection. We agree with defendants that the argument in plaintiff's brief does not deal with prices charged by the Airport Authority, and that therefore the assignment of error should be deemed abandoned pursuant to Rule 28 of our Rules of Appellate Procedure. Even had plaintiff managed to present an argument, we believe the trial judge properly admitted Mr. Kaufman's testimony as to prices charged for parking by the Airport Authority. These prices reflected demand for parking space in the area and thus helped to establish a fair market value for the defendants' land.

**[5]** Plaintiff next contends that the trial court committed error by admitting testimony of sales and sales prices of certain properties not used as comparables and not shown to be similar in nature, location and condition to the defendants' property. The defendants' expert witness, Mrs. Jean Hunt, had testified on direct that certain property, owned by a Mrs. Knight, was comparable to defendants' property and that its sale price was useful in establishing the fair market value of defendants' property. Plaintiff sought to impeach the witness by reminding her that she

had testified in another trial that the Knight property was over-priced. The witness replied that after acquiring additional information she did not believe the property was overpriced. On redirect examination, defendants' counsel sought to question the witness about the additional information, which involved two other sales of property in the vicinity of the defendants' property. Plaintiff objects to testimony as to these other sales, which, it claims, were not "comparable" to defendants' property.

Once plaintiff's counsel sought to impeach defendants' witness as to her change of mind on cross-examination, defense counsel could rehabilitate the witness on redirect examination by allowing her to explain her testimony. Plaintiff's counsel thus "opened the door" and cannot now complain about the witness's testimony as to additional sales which affected her view of the Knight transaction. *See Johnson v. Massengill*, 280 N.C. 376, 383, 186 S.E. 2d 168, 174 (1972).

[6] We reach now plaintiff's last contention: that the trial court erred in admitting opinion testimony of the per acre value of land offered for lease by the Airport Authority upon a capitalization rate. This opinion testimony was based on figures given in a letter from the Airport Authority to Burger King Corporation, describing the current leasing rates the Airport Authority was charging for land in and around the airport. The application of the income approach to rentals charged for property used for similar purposes and located near defendants' land was relevant to the determination of the fair market value of the land. *See generally* 23 A.L.R. 3d 724, 728-30; *see also Honolulu v. Bishop Trust Co.*, 48 Hawaii 444, 404 P. 2d 373, 23 A.L.R. 3d 692 (1965). The trial judge acted within his discretion in allowing evidence of the capitalization of these leasing or rental values.

Moreover, the letter itself had initially been introduced into evidence by the plaintiff, and discussed by plaintiff's witness. When defendants reintroduced the letter, no objection was made. Plaintiff cannot now object to the introduction of the letter, or to its use to calculate the rental value of land in the vicinity of the airport.

No error.

Judges PHILLIPS and COZORT concur.