CITY OF FAYETTEVILLE v. M. M. FOWLER, INC.

No. COA95-785

(Filed 21 May 1996)

**1. Eminent Domain § 123 (NCI4th)— lost rents—evidence showing diminished value of land—admissibility**

The trial court in a condemnation action did not err in denying plaintiff's motion *in limine* to exclude the landowner's testimony as to loss of profits by his gas station lessee and loss of rent since defendant's testimony did not represent an attempt to recover lost rents as an element of damages from the taking, but instead was an attempt to show that the value of the remaining property would be diminished because of the impact of the taking on the rental income generated by the property.

**Am Jur 2d, Eminent Domain §§ 152, 266-268, 406, 409.**

**2. Eminent Domain § 259 (NCI4th)— circuity of travel— instruction not required**

The evidence did not entitle plaintiff condemnor to its requested instruction that defendant landowner was not entitled to compensation for circuity of travel because of plaintiff's exercise of its right to restrict the flow of traffic on the public street which abutted defendant's property.

**Am Jur 2d, Eminent Domain §§ 205, 242, 328.**

Appeal by plaintiff from judgment entered 23 May 1995 by Judge William A. Gore, Jr. in Cumberland County Superior Court. Heard in the Court of Appeals 16 April 1996.

*Robert C. Cogswell, Jr. for plaintiff-appellant.*

*Hutson Hughes & Powell, P.A., by James H. Hughes, for defendant-appellee.*

WALKER, Judge.

Plaintiff instituted this action as a public condemnor pursuant to Chapter 40A of the North Carolina General Statutes seeking to acquire portions of property owned by defendant and leased to a third party for operation of a gasoline service station. The proposed taking was comprised of a 287-square-foot corner acquisition, a temporary

CITY OF FAYETTEVILLE v. M. M. FOWLER, INC.

[122 N.C. App. 478 (1996)]

construction and permanent utility easement, and the closing of one of four driveways providing access to the business located on the property. A trial was held on the issue of the amount of compensation due to defendant as a result of the taking, and the jury awarded defendant the sum of $32,500 as just compensation for the taking.

[1] Prior to trial, plaintiff moved *in limine* to exclude from evidence the following matters relative to the issue of just compensation: (1) loss of profits by defendant's lessee; (2) loss of rent by defendant; and (3) loss of business, customers, rents or profits due to circuity of travel as a result of plaintiff's plan to restrict the traffic lane abutting defendant's property to a right-turn-only lane. Following a *voir dire* hearing, the trial court denied plaintiff's motion. Thereafter, Mr. Marvin L. Barnes, defendant's president, testified over plaintiff's objection that the closing of the driveway in connection with the taking would affect business and would render the property less valuable. Plaintiff on appeal assigns as error the denial of the motion *in limine* and the allowance of Mr. Barnes' testimony.

In *Kirkman v. Highway Commission*, 257 N.C. 428, 126 S.E.2d 107 (1962), our Supreme Court addressed the issue of what damages may be recovered when property is condemned:

> Loss of profits or injury to a growing business conducted on property or connected therewith are not elements of recoverable damages in an award for the taking under the power of eminent domain. However, *when the taking renders the remaining land unfit or less valuable for any use to which it is adapted, that fact is a proper item to be considered in determining whether the taking has diminished the value of the land itself. If it is found to do so, the diminution is a proper item for inclusion in the award.* The condemner is not required to pay compensation for a loss of business but only for the diminished value of land which results from the taking. When rental property is condemned the owner may not recover for lost rents, *but rental value of property is competent upon the question of the fair market value of the property at the time of the taking.*

*Id.* at 432, 126 S.E.2d at 110 (citations omitted) (emphasis added).

At trial, Mr. Barnes was allowed to testify on direct examination that the amount of rent he charges for his property has two components: a fixed building rent and a percentage rent based on the volume of gasoline sold. Mr. Barnes estimated that, as a result of closing

one of the four driveways, gasoline sales would be reduced by twenty-five percent. The following exchange then took place:

> Q. Does the fact that this property is now going to have as few as 25 percent fewer customers for the sales of gasoline, does that have an impact on the amount of rental that you can charge for this property?
>
> . . .
>
> A. Yes, it will, because less people will come in and purchase gas, the fuel rent, the variable fuel rent will be less, and because there will be less customers coming into the location, I'll be able to— have to charge less rent for the building. *So that impact will make the property worth less after the taking.*

(Emphasis added.)

We disagree with plaintiff's contention that Mr. Barnes' testimony represented an attempt by defendant to recover lost rents as an element of damages from the taking. Rather, the thrust of Mr. Barnes' testimony was that the value of the remaining property would be diminished because of the impact of the taking on the rental income generated by the property. This testimony was entirely permissible under *Kirkman.*

Moreover, immediately prior to Mr. Barnes' testimony above, the trial court gave a limiting instruction, quoting the rule in *Kirkman* and adding the following:

> So I want you to understand that these things about which the owner is testifying at this point may be competent on the question of fair market value, but only as they impact on that question may you consider these matters. Lowered rents or lost rents or lost business or less business in and of themselves are not elements of damages and I instruct you that you are not to consider those.

We are of the opinion that this instruction adequately addressed plaintiff's concerns about Mr. Barnes' testimony. Plaintiff's first assignment of error is overruled.

[2] Plaintiff also assigns as error the court's denial of its requested jury instruction regarding circuity of travel. It is well established that a property owner is not entitled to compensation for circuity of travel when the government exercises its right to restrict or alter the flow of traffic on public roadways which abut the property. *See, e.g., Moses v. Highway Commission,* 261 N.C. 316, 320, 134 S.E.2d 664, 667, *cert.*

*denied*, 379 U.S. 930, 13 L.Ed.2d 342 (1964); *Barnes v. Highway Commission*, 257 N.C. 507, 516-17, 126 S.E.2d 732, 739 (1962). Plaintiff here argues that its requested instruction on circuity of travel should have been given in its entirety because "Mr. Barnes was allowed to testify that the closing of one of the lanes would have a devastating impact upon the operation of the service station."

Plaintiff's argument is misplaced. A review of the transcript fails to reveal any testimony by Mr. Barnes regarding the effect of plaintiff's decision to change the lane directly beside the station from a straight lane to a right-turn-only lane. What he did testify to was that *the closing of the driveway* would have "a devastating impact" on the property and would be "a dramatic negative to the value of this property." We find nothing in Mr. Barnes' testimony to support plaintiff's assertion that defendant was claiming damages for circuity of travel due to restricted access to its property. Rather, taken in context, it is apparent that Mr. Barnes' testimony was offered only to support defendant's position that the elimination of the driveway would diminish the market value of the property.

Thus, we agree with defendant that Mr. Barnes' testimony did not entitle plaintiff to an instruction on circuity of travel. Nonetheless, the court in its discretion chose to give a portion of the requested instruction, instructing the jury that "[a]n abutting landowner is not entitled to compensation because of circuity of travel to and from his property." We cannot conclude that the trial court erred by failing to give the remainder of the requested instruction, and this assignment is overruled.

Following oral argument, plaintiff submitted a memorandum of additional authority citing the case of *City of Winston-Salem v. Robertson*, 81 N.C. App. 673, 344 S.E.2d 838 (1986). We have reviewed *Robertson* and find it inapplicable to the instant case. In *Robertson*, the issue was whether the city's closure of one of defendant's driveways was a compensable taking or a legitimate exercise of the city's police power which did not require compensation. *Id.* at 674, 344 S.E.2d at 838-39. In contrast, the instant case was tried solely on the issue of what represented just compensation for plaintiff's taking of defendant's property.

No error.

Judges JOHNSON and EAGLES concur.